MOUNTAIN ICE COMPANY, APPELLANT, v. MARGARET DURKIN ET AL., RESPONDENTS.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Emil Neblo*.

For the respondents, *Coult, Satz & Tomlinson*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court, reported in 6 *N. J. Mis. R.* 1111.

Although in the Supreme Court the question was raised that Margaret Durkin in her petition included the names of three dependent infant children, and defendant contends that as the judgment awarded them compensation, and that as they were not parties to the proceeding either individually or by guardian, guardian *ad litem,* or next friend, as required by the statute, the judgment in favor of the infants was void; and that the Supreme Court did not notice the question in its deliverance. And the question was not noticed.

The plaintiff answers this contention by asserting that defendant confuses the procedure outlined by the statute in cases where an infant files a petition on his own behalf (by a proper representative), and those cases where petition is

filed by a widow for herself and her dependent infant children; and that in this case the award was made to the widow as compensation and for support of her dependent infant children until they should arrive at the age of sixteen years, which latter provision in the judgment is unwarranted in the state of the pleadings.

The Workmen's Compensation act (2 *Cum. Supp. Comp. Stat., p.* 3876) provides, in section 12, that in case of death compensation shall be made to dependents and that they shall include, among others, wife and children; and that if at the expiration of three hundred weeks (for which compensation shall be awarded to the dependents), there shall be one or more dependents under sixteen years of age, compensation shall be continued to them until they arrive at the age; and that payment on behalf of infants shall be made to the surviving parent, if any, or to the statutory or testamentary guardian.

If the decedent had left no widow but only the dependent children, suit would have had to be brought on their behalf by a guardian or next friend; but the mother being alive she had the right to sue, as she did, and it was lawful to make compensation for the children, and provide for its distribution, and continue it for the children after the expiration of the three hundred weeks, &c., as the judgment did.

The defendant can take nothing by this objection.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.