ANNE E. ASHWORTH JOHNSON, AS SURVIVING PARENT, PETITIONER-DEFENDANT IN CERTIORARI, v. NEW-ARK GLASS COMPANY, RESPONDENT-PROSECUTOR IN CERTIORARI.

Submitted October 17, 1931—Decided April 18, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the defendant in *certiorari, Meyer Q. Kessel (James F. X. O'Brien,* of counsel).

For the prosecutor in *certiorari, Joseph C. Paul.*

PER CURIAM.

This writ of *certiorari* brings up for review an order made by the deputy commissioner of the workmen's compensation bureau directing payments under the Workmen's Compensation act to be paid to the widow, the petitioner, for and in behalf of the minor children.

The right of the commissioner to make that order is challenged.

There is no dispute as to the amount to be paid or the right of those named in the order to receive the amount set opposite their names. As we have pointed out the petitioner was the only surviving parent.

We think the order was justified. *Pamph. L.* 1928, *ch.* 135, *p.* 287, provides that "payment on behalf of infants shall be made to the surviving parent, if any, or to the statutory or testamentary guardian." So, too, *Pamph. L.* 1919, *ch.* 93, ¶ 19, provides:

"In case of death compensation payments may be made directly to dependents of full age and on behalf of infants to the surviving parents, if any * * *." Moreover, chapter 136 of the laws of 1928 gives the commissioner the right to appoint a representative with power to act for the person who may be entitled to compensation, but is legally unable to properly receive or disburse the compensation. The prosecutor complains that the order did not require the petitioner to give a bond. But this was a matter of discretion (*Pamph. L.* 1919, *ch.* 93), and it appears in the order that the deputy commisioner instituted an investigation and found that the petitioner was a capable and fit person to receive the compensation payments for the benefit of the children.

So we find no fault with the order and this view is supported by the case of *Mountain Ice Co.* v. *Durkin,* 105 *N. J.*

*L.* 636; 147 *Atl. Rep.* 451, where the widow filed a petition for herself and mentioned the children in the pleadings. There the court pointed to the language of the statute that "payment on behalf of infants should be made to the surviving parent, if any, or to the statutory or testamentary guardian," and said, "the mother being alive she had the right to sue, as she did, and it was lawful to make compensation for the children, and provide for its distribution * * * as the judgment did."

The order and judgment under review will be affirmed, with costs.