CRUCIBLE STEEL COMPANY OF AMERICA, PROSECUTOR. v. COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF HUDSON AND GUSTAV BACH, CLERK OF THE COURT OF COMMON PLEAS, AND ADOLPH SARIEGO, RESPONDENTS.

Submitted October 11, 1935—Decided December 6, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *Clarence B. Tippett.*

For the respondents, *William E. Sewell.*

BODINE, J.   Prosecutor seeks to reverse an award made by the bureau and affirmed in the Court of Common Pleas in a workmen's compensation case.   The employe lost part of the second and third fingers of his right hand as the result of an accident at the plant of the Crucible Steel Company where he was employed for the last eight years as a roller's helper. The proofs indicate that the boss stopped the machine for his own purposes, telling the helper to stay until he came back. The injured man walked over to another machine to talk to a fellow worker.   That machine was suddenly started up crushing his fingers.

The trial court was justified in finding that the instructions

given did not necessarily mean that the injured man should not move from the spot. The proofs do not show that workmen were forbidden to move about the room when there was no work for them to do at a particular machine where they were assigned to work. It is so customary for workmen to chat with their fellow workers when opportunity offers that the award was justified.

Perhaps the proofs were capable of the inference that there was a custom among the helpers to move about the room when a machine was stopped and chat with their fellows. It had been done before, but it seems unnecessary so to hold.

The findings of fact by the trial court are not disturbed when supported by the evidence, nor are the findings of two concurring tribunals lightly disturbed. The Workmen's Compensation act is remedial legislation and recovery is not confined to the actual time the workman is engaged at his machine. *Terlecki* v. *Strauss,* 85 *N. J. L.* 454; *affirmed,* 86 *Id.* 708. Cases are collected in *Hanna* v. *Erie Railroad Co.,* 152 *Atl. Rep.* 179, indicating that a workman struck by an automobile while going to a toilet across a public street may recover where a custom existed. So also where a woman suffered an injury while combing wool from her hair preparatory to departure. Further, that an employe suffering an accidental injury while eating lunch upon the employer's premises may recover for injuries sustained when it appears that the employes usually ate in the place where the accident occurred.

Prosecutor argues that there was an abandonment of the work for which the man was employed. Not so. The proofs show a necessary cessation of work to meet the needs of the boss and a mere movement to another part of the room to chat with another workman. Such movement seems not to have been expressly forbidden. The case has no resemblance to cases where workmen disobey instructions or use machines which they were not engaged to use or were forbidden to use.

The case of *DeSalvio* v. *Menihan Co.,* 225 *N. Y.* 123, a boy saying good-bye to a friend before going to war, adopts to our mind far too narrow a view as to what takes an employe

out of his employment. The better rule, we think, is stated in 71 *Corp. Jur.* 680, as follows: "An employe, may, in intervals of leisure during his working hours, move from place to place on the premises of the employment and visit with co-employes or other persons, and, in doing these things within the bounds of reason, he does not go out of the course of his employment; and where injury results from a risk incidental to the performance of his contract while so visiting, the injury also arises out of the employment. Where, however, the employe is visiting with co-employes at a place where he might not reasonably be about matters unrelated to the performance of his work, it does not arise out of or in the course of his employment."

In the present case, there is nothing to indicate that in the interval of leisure during the employment the injured workman did anything not within the bounds of reason. He went to another part of the room to chat with a friend and was injured when an unguarded machine, on which his fingers rested, was suddenly started up. To limit the recovery to the time the workman was actually engaged at his machine would not only be too narrow a construction of a statute designed to place industrial loss upon the industry, but would be contrary to our settled law.

The writ will be dismissed, with costs.