RALF C. PATTON, PETITIONER-APPELLEE, v. AMERICAN OIL COMPANY, RESPONDENT-APPELLANT.

Submitted February 14, 1936—Decided May 14, 1936.

For the respondent-appellant, *Cecil W. Rotzell.*

For the petitioner-appellee, *Samuel P. Orlando.*

The opinion of the court was delivered by

WOLFSKEIL, J. This is a workmen's compensation case. The bureau found for the respondent. Petitioner appealed and the Common Pleas affirmed. Petitioner then *certioraried* to the Supreme Court before Mr. Justice Perskie, sitting alone, who filed an opinion holding that "the judgment of the Common Pleas Court and that of the workmen's compensation bureau is reversed. The case will be remitted to the bureau to make the specific finding which it is required to make."

The defense before the bureau was that intoxication of the petitioner was the natural and proximate cause of his injuries and the finding of the commissioner would seem to indicate that it was his purpose to render judgment for the respondent for that reason. There is credible evidence to sustain such a finding if that was the purpose of the commissioner. Petitioner admits that he had a drink of whiskey early on the evening of the night of the accident. There is also

credible evidence of the smell of liquor on his breath when he was taken to the hospital and the doctor's record shows an admission of intoxication.

From comments in his opinion it is apparent that Mr. Justice Perskie was not favorably impressed by the defense of intoxication but he did not determine the issue on that ground. Instead he decided that as the bureau had not made a deliberate finding he should not be called upon to decide the right of the respective parties without first having the benefit of the specific finding and determination which the workmen's compensation bureau is required to make under the law.

The record is undoubtedly subject to criticism in that respect and it may well go back to the bureau for a proper restatement.

It should be borne in mind, however, that the question of intoxication is one of fact, susceptible of determination either way, and that if it is the conclusion of the commissioner that the petitioner was intoxicated and that such intoxication was the sole and proximate cause of the accident, he should not be diverted from that by the remarks of the appellate court.

The judgment is affirmed, and the record remitted to the workmen's compensation bureau accordingly.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.