ANNA MARIE JOCHIM, PETITIONER-RESPONDENT, v.
MONTROSE CHEMICAL CO., RESPONDENT-APPELLANT.

Argued September 26, 1949—Decided October 17, 1949.

*Mr. Frank Fink* argued the cause for the respondent-appellant (*Mr. James J. Carroll,* attorney).

*Mr. Leo Yanoff* argued the cause for the petitioner-respondent (*Messrs. Green & Yanoff,* attorneys).

The opinion of the court was delivered by

ACKERSON, J.  The Workmen's Compensation Bureau awarded the petitioner compensation for the death of her husband, Frank Jochim, which occurred at the plant of his employer, the defendant, Montrose Chemical Co., on the morning of January 29, 1943.  While the case has a rather long history, it is sufficient to note that by successive appeals, initiated on August 26, 1948, under the old Constitution,

the award was sustained by the Essex County Court and the Appellate Division of the Superior Court. The cause is now before us on appeal from the latter judgment pursuant to *P. L.* 1948, *c.* 367, §§ 12 and 13.

The record discloses that the defendant offered no proof in opposition to that produced by the petitioner, and her proof reveals that the decedent was employed as a chemical operator in charge of a department making ergosterol. He had a key to his employer's plant and his duties included, *inter alia,* the opening of the plant in the morning and closing it at night. On the morning of January 29, 1943, he left home for work in his street clothes. Shortly thereafter he was found dead on the concrete floor of the plant, his feet close to the steps leading to a platform above on which vats were located. He was found in his work clothes, there was "brownish dirt" on the palms of both hands and he was wearing his work shoes covered by rubber overshoes. The floor at the time was "slippery and moist" and the stairs were also "moist" which was not an unusual condition at this location. Decedent's duties included not only the performance of work at the floor level, but also the mounting of the steps and the checking of the vats on the platform.

There was no eye witness as to the actual occurrence leading to his death. An autopsy disclosed that the death resulted from a recent fracture of the skull due to a "blunt force injury applied in the left occipital region" and "there were no other external marks of injury except the bruise abrasion" over this region. The autopsy also revealed that the decedent was about 54 years of age and that his health had been "good for his age." An examination of the organs of the body showed no evidence of alcohol or poisons, and there is nothing in the record to support a suggestion of criminal assault or self-inflicted injury, and, of course, murder or suicide are never presumed since they involve criminal acts. *Henry Steers, Inc., v. Dunnewald,* 85 *N. J. L.* 449, 451 (*Sup. Ct.* 1914); affirmed, *Dunnewald v. Henry Steers, Inc.,* 89 *Id.* 601 (*E. & A.* 1916); *Manziano v. Public Service Gas Co.,* 92 *Id.* 322, 326 (*Sup. Ct.* 1918).

The Appellate Division found from the undisputed facts thus presented by the record that the petitioner had sustained the burden of proving that the decedent's death arose out of and in the course of his employment, and the judgment of the Essex County Court in favor of the petitioner was affirmed.

The single point argued by the defendant for the reversal of the judgment below is that there was no evidence tantamount to legal proof to sustain this factual finding. The pith of this contention is to be found in the following statement in the defendant's brief: "There is no proof how, when and where the fractured skull sustained by Jochim was caused." But this argument overlooks the settled rule that the burden may be sustained by circumstantial evidence, and that direct evidence is not necessary. In civil cases it is sufficient if the circumstantial evidence be such as to afford a fair and reasonable presumption of the facts inferred. Circumstantial or presumptive evidence, as the basis for deductive reasoning in the determination of civil causes, is a mere preponderance of probabilities. The only requirement is that the claimed conclusion from the offered fact must be a probable or more probable hypothesis, with reference to the possibility of other hypotheses. This is merely a rational inference, i. e., based upon the common experience of mankind. In the final analysis "probability, and not the ultimate degree of certainty is the test." *Seiken v. Todd Dry Dock, Inc.*, 2 N. J. 469, 475 (*Sup. Ct.* 1949); *Hercules Powder Co. v. Nieratko*, 113 N. J. L. 195, 203 (*Sup. Ct.* 1934); affirmed, 114 *Id.* 254 (*E. & A.* 1934); *Manziano v. Public Service Gas Co., supra; Russo v. Wright Aeronautical Corp.*, 1 N. J. 417, 421 (*Sup. Ct.* 1949).

Applying the foregoing test to the record before us we conclude that the circumstantial evidence was such as to afford a fair and reasonable presumption that petitioner's decedent met his death as the result of an accidental fall on the slippery floor or steps in question while he was pursuing his regular employment, and the court below in drawing such an inference is supported by ample precedent. *Mountain Ice Co. v. Durkin*, 6 N. J. Misc. 1111 (*Sup. Ct.* 1928); affirmed,

105 *N. J. L.* 636 (*E. & A.* 1929) ; *Brooks v. Essex Warehouse Co.,* 137 *Id.* 206 (*E. & A.* 1948) ; *Manziano v. Public Service Gas Co., supra.*

Additionally it is to be noted that the Bureau and two appellate tribunals have drawn the same presumption from the same circumstantial evidence. Suffice it to say that this court will not weigh the evidence in this type of case, arising under the old Constitution, and where a question of fact, or the inference to be drawn from a state of facts, is presented by the proofs in the court below and determined, the judgment of that court is conclusive.in this court and will not·be reversed. *Grant v. Grant Casket Co.,* 2 *N. J.* 15 (*Sup. Ct.* 1949).

The judgment below is affirmed.

WACHENFELD and BURLING, JJ., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.