16 N.J. Super. 249 (1951)
84 A.2d 468
HELEN BUJALSKI, AS GUARDIAN AD LITEM FOR ALEX KULINKA, PETITIONER-APPELLEE,
v.
FLOCKHART FOUNDRY COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1951.
Decided November 7, 1951.
Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*250 Mr. Frank Fink argued the cause for appellant (Mr. James J. Carroll, attorney).
Mr. Alexander Avidan argued the cause for appellee (Messrs. Avidan & Avidan and Miss Sara M. Lewitt, attorneys).
PER CURIAM.
The judgment under appeal is affirmed on the findings of fact and conclusions and for the reasons expressed in the opinion of Judge Francis reported sub nom. Kulinka v. Flockhart Foundry Co., 9 N.J. Super. 495 (Cty. Ct. 1950), except in two particulars. The statement that "It is conceivable that his foot may have struck the edge of the closed portion of the side of the cab, when he attempted to swing his leg over the rail" is unnecessary. Under the facts found by the County Court, the petitioner proved an accident arising out of and in the course of his employment without any need, under the circumstances, to prove that the loss of balance which brought about his fall from his hazardous perch was caused by any particular movement. Cf. Jochim v. Montrose Chemical Co., 3 N.J. 5 (1949); Reynolds v. Passaic Valley Sewerage Commrs., 130 N.J.L. 437 (Sup. Ct. 1943), affirmed 131 N.J.L. 327 (E. & A. 1944). In the conclusion that "the respondent has not excluded the particular hazards of Kulinka's employment task as a possible cause or contributory or concurring cause of his fall" the words "possible cause" should be "probable cause." We think the use of the word "possible" instead of "probable" was inadvertent, but in any event our examination of the record leads us to concur in the conclusion as corrected.
Affirmed.