24 N.J. Super. 304 (1953)
94 A.2d 690
EMIL MACKO, SR., PETITIONER-RESPONDENT,
v.
HERBERT HINCHMAN & SON, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1952.
Decided January 8, 1953.
*305 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Mortimer Wald argued the cause for the appellant (Mr. Andrew Mainardi, attorney).
Mr. Lewis P. Dolan argued the cause for the respondent (Messrs. Dolan and Dolan, attorneys; Mr. William Martin Cox, on the brief).
*306 The opinion of the court was delivered by BIGELOW, J.A.D.
This is a workmen's compensation appeal. The respondent sells ready-mixed concrete. Decedent had the task of loading the concrete mixers or trucks with batches of sand and cement. This work was done on the same property where respondent's sand pit was located and not far from it. On September 7, 1951 decedent began work about 7 A.M., the regular time. Two hours or so later, he was seen walking toward the sand pit. A few minutes thereafter the driver of a concrete truck inquired for him at the place where the trucks were usually loaded, and was told he was at the pit. So the driver and another employee went to the sand pit, saw no one there, but did observe signs of a fresh cave-in of the sand. They dug and found decedent, suffocated by the sand.
The deputy director made an award to decedent's mother, but the County Court reversed on the ground that she had failed to sustain the burden of proving that the accident arose out of, and in the course of, the employment.
There was little evidence in addition to that already summarized. The respondent's office manager testified that decedent's only duty was "to make up the batches for the cement mixers." A fellow employee testified that "when they weren't busy and there was no more batching to do," decedent "might do odd jobs around the place. * * * I seen him dragging sand in, sweeping the garage." The spot where decedent's body was found is about 500 feet from where he loaded the concrete trucks or mixers.
A certified copy of a death certificate, which was put in evidence, set forth certain items relative to the death of decedent and showed, in the blank space under "Cause of death," "Asphyxiation in sand pit while working." Appellant contends that the words "while working" in the certificate prove prima facie that the accident occurred in the course of employment and arose out of the same.
The statute, R.S. 2:98-14, provides that "any transcript of return of death, marriage or birth, made by any person *307 according to law * * * shall be received as prima facie evidence of the facts therein stated." R.S. 26:6-7, as amended by L. 1951, c. 84, directs that "The certificate of death shall contain such items as shall be required by rule or regulation of the State Department of Health." Pursuant to that authority, the Department adopted a form of certificate and directed that it be used. The blank form used for the certificate that was introduced in evidence is not identical with the one prescribed, but we will assume that the deviations are not fatal. The item "Cause of death" does not call for information whether or not the deceased was working at the time of the accident; it seeks the medical cause, a specification of the disease, injury or complication causing death. The certificate was not made "according to law," insofar as it sets forth that asphyxiation occurred while decedent was working. It follows that it is not prima facie evidence of that fact. Aitken v. John Hancock, etc., Co., 124 N.J.L. 58 (E. & A. 1940); Kramerman v. Simon, 131 N.J.L. 250 (Sup. Ct. 1944).
The death of an employee from accident, before he has an opportunity to give his version of the accident and to tell why he was at the place where the misadventure happened, is apt to leave his dependents utterly unable to present evidence that would be considered sufficient in a case where death had not occurred and the employee was able to testify. In recognition of that fact, courts in death cases generally are satisfied with very scanty circumstantial evidence that the accident arose out of, and in the course of, the employment. In Tully v. Gibbs & Hill, 12 N.J. Misc. 275 (Sup. Ct. 1934), it was said:
"When an employee, as here, is found dead from accident and there is no evidence offered as to just how the death occurred, the court will presume that the accident causing the death was one that arose out of and in the course of the employment. Here it was perfectly consistent with the performance of his duty, under the circumstances that prevailed, that the deceased should be where he was at the time of the occurrence which resulted in his death."
*308 And see Sullivan v. Suffolk Peanut Co., 171 Va. 439, 199 S.E. 504; 120 A.L.R. 677 (Va. Sup. Ct. 1938), and annotation. The easing of the burden of proof is particularly noticeable in Dominquez v. Markowitz, 12 N.J. Misc. 90 (Sup. Ct. 1933), and Brooks v. Essex Warehouse Co., 136 N.J.L. 297 (Sup. Ct. 1947), affirmed 137 N.J.L. 206 (E. & A. 1948). It is observable in many other of our cases, such as Muzik v. Erie R.R. Co., 85 N.J.L. 129 (Sup. Ct. 1914), affirmed 86 N.J.L. 695 (E. & A. 1914); Mountain Ice Co. v. Durkin, 6 N.J. Misc. 1111 (Sup. Ct. 1928), affirmed 105 N.J.L. 636 (E. & A. 1929); DeFazio v. Goldschmidt etc. Co., 87 N.J.L. 317 (E. & A. 1915); Manziano v. Public Serv. Gas Co., 92 N.J.L. 322 (Sup. Ct. 1918); Belyus v. Wilkinson, Gaddis & Co., 115 N.J.L. 43 (Sup. Ct. 1935), affirmed 116 N.J.L. 92 (E. & A. 1936); Marston v. Curtiss Wright Corp., 1 N.J. Super. 107 (App. Div. 1948), and Jochim v. Montrose Chem. Co., 4 N.J. Super. 157 (App. Div. 1949), affirmed 3 N.J. 5 (1949).
The respondent cites Nardone v. Public Service, etc., Co., 113 N.J.L. 540 (Sup. Ct. 1934), where the former Supreme Court, by a vote of two justices to one, held that the petitioner had not sustained the burden of proof. The court made no allowance for the circumstance that death had sealed the lips of the employee, but held his dependents to a rigid standard of proof. We are satisfied that the decision does not accord with the great majority of the reported cases of our higher courts, and that it should not be followed in the case now before us.
It has been said that an accident "arises `in the course of the employment' if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time." Bryant v. Fissell, 84 N.J.L. 72 (Sup. Ct. 1913). This statement is fully supported by our decisions. The employee need not be actually working at the moment of the accident. Thus, in Zabriskie v. Erie R.R. Co., 85 N.J.L. 157 (Sup. Ct. 1913), *309 affirmed 86 N.J.L. 266 (E. & A. 1914), the employee was on the way from the shop where he worked to the toilet in defendant's nearby passenger station, when he was hit by a motor car, and it was held both that the accident occurred in the course of employment and that it arose out of the employment. A like conclusion was reached in Bolos v. Trenton, etc., Co., 102 N.J.L. 479 (Sup. Ct. 1926), affirmed 103 N.J.L. 483 (E. & A. 1927). There the accident occurred at the close of the lunch hour, while the employee was riding from the place (on the employer's property) where he had eaten his lunch, to the place where he worked. To the argument that he was late in getting back to his place of duty, and hence the accident did not happen at the place where he ought to have been, the court responded:
"He may have been subject to discipline by the employer if any such strict rule existed (of which we find no evidence), but it cannot be said that he was not within the scope of his employment."
In Crucible Steel Co. v. Court of Common Pleas, 115 N.J.L. 493 (Sup. Ct. 1935), affirmed 116 N.J.L. 393 (E. & A. 1936), the employee, while the machine on which he worked was not running, went to another part of the room to talk with a fellow employee and was injured in the latter's machine. "It is so customary," said the court, "for workmen to chat with their fellow workers * * * that the award was justified." Again, in Waskevitz v. Clifton, etc., Co., 7 N.J. Super. 1 (App. Div. 1950), compensation was allowed where the employee on his way out of the factory for a smoke and a breath of fresh air, was accidentally killed. See also Terlecki v. Strauss, 85 N.J.L. 454 (Sup. Ct. 1914); Kelly v. Hackensack Water Co., 10 N.J. Super. 528 (App. Div. 1950), and 71 C.J. 680.
We think that the evidence in the case before us, slight as it is, requires a finding that decedent, during a lull in his usual work and while waiting for an empty concrete truck to arrive, went to the sand pit, not far away, for some purpose consistent with the performance of his duty. Perhaps *310 to see if he could help there, or perhaps to talk with the man who usually worked there, or perhaps to answer a call of nature. And the bank caved in and buried him. Under the doctrine of the cases cited above, this was an accident arising out of and in the course of the employment.
The judgment of the County Court is reversed and the award of the Division is confirmed.