24 N.J. Super. 422 (1953)
94 A.2d 693
ANNIE GREEN, PETITIONER-APPELLANT,
v.
SIMPSON & BROWN CONSTRUCTION CO., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Essex County Court Law Division.
Decided January 29, 1953.
*424 Mr. Mortimer Wald, attorney for petitioner-appellant Annie Green.
Mr. James J. Carroll (Mr. Frank Fink, of counsel), attorney for respondent-appellee Simpson & Brown Construction Co.
NAUGHRIGHT, J.C.C.
This is a workmen's compensation case wherein appellant claims her alleged husband, Lewis Green, met death by accident arising out of and in the course of his employment by respondent Simpson & Brown Construction Co.
At the close of petitioner's case before the Division of Workmen's Compensation respondent's motion for judgment of dismissal, upon the evidence presented, was granted. The appeal is from that judgment.
The rule is well established that, upon respondent's motion for dismissal proposed at the conclusion of petitioner's case, all reasonable inferences deducible from the evidence submitted must be resolved in petitioner's favor and that therefrom it be determined whether the petitioner has made out a prima facie case. Kelly v. Hackensack Water Co., 10 N.J. Super. 528, 77 A.2d 467 (App. Div. 1950).
The deputy director concluded that the evidence did not establish a compensable claim under our statute because the petitioner failed to establish that the Division of Workmen's Compensation of the State of New Jersey had jurisdiction and also failed to establish that the decedent met with an accident arising out of and in the course of his employment with the respondent. The facts are as follows:
*425 The decedent was employed for the past three or four months as a watchman on a vessel owned by respondent that was secured to a dock on the Passaic River while the respondent company had been doing work on a bridge. His duties were to take care of the vessel, maintain the fires and steam pressure in the boiler and pump out the bilges.
On Saturday morning, January 27, 1951, at about 9 o'clock decedent checked in at the gate of the Sun Oil Company over whose property it was customary for him to traverse to reach the vessel. He was to remain aboard the vessel until the following Monday morning, January 29, 1951. The weather conditions during the above mentioned period have been described as cold, icy and slippery.
After the decedent had checked in he was never seen alive again. Approximately three and a half months later his body was found in the Passaic River. A death certificate was put in evidence giving the cause of death as drowning. Respondent does not seriously contest the fact that the decedent's death was caused by drowning, but he states there is insufficient evidence to establish that the drowning was the result of an accident, or that it arose out of and in the course of decedent's employment. In addition he contends that there is no evidence of where the accident occurred and that if it occurred aboard the vessel then the State would have no jurisdiction as it would be a case within the federal jurisdiction.
In cases of unwitnessed deaths it is the policy in this State to ease the burden of proof required to establish a compensable claim. In the very recent case of Macko v. Herbert Hinchman & Son which was decided by the Appellate Division of the Superior Court on January 8, 1953, 24 N.J. Super. 304, the court, confronted with an unwitnessed death case said,
"The death of an employee from accident, before he has an opportunity to give his version of the accident and to tell why he was at the place where the misadventure happened, is apt to leave his dependents utterly unable to present evidence that would be considered sufficient in a case where death had not occurred and the *426 employee was able to testify. In recognition of that fact, courts in death cases generally are satisfied with very scanty circumstantial evidence that the accident arose out of, and in the course of, the employment."
The facts presently before us are scanty. However, there is sufficient evidence to find that decedent's death resulted from drowning. A drowning must be caused by either accident, suicide or murder. Suicide and murder involve criminal acts and are not to be presumed. The only possibility remaining is that of accident. Jochim v. Montrose Chemical Co., 3 N.J. 5 (1949).
In order for petitioner to establish a prima facie case she must offer evidence not only that the decedent suffered death by accident but that the accident arose out of and in the course of the decedent's employment.
The respondent urges that there being no evidence offered as to the how, why, when or where of the accident the petitioner has not established a prima facie case.
There is evidence that the decedent entered upon the Sun Oil Company property on his way to work. There is evidence that decedent drowned. It is certainly inferable from this that the decedent reached the immediate area of his employment. In Basinski v. Detroit Steel Corporation, 2 N.J. Super. 39, 64 A.2d 459 (App. Div. 1949), it was held that an employee who sustained an injury before reaching public highway by tripping over a railroad switch while leaving employer's plant for home, and while on premises adjacent to employer's building, was entitled to compensation as having suffered an injury that arose out of and in the course of her employment. In the instant case we have a decedent who left the public highway and entered the Sun Oil Company property, which property is adjacent to the dock where the vessel was secured. From the evidence of the drowning it is reasonable to infer that petitioner reached the immediate area of his employment so that an accident at this point might be said to have arisen out of and in the course of his employment.
*427 Lastly, we are met with the problem of jurisdiction. In Hardt v. Cunningham, 136 N.J.L. 137, 54 A.2d 782 (Sup. Ct. 1947), the court stated that the test of jurisdiction is whether the accident occurred on the land or on navigable water. In Dunleavy v. Tietjen & Lang Dry Docks, 17 N.J. Super. 76, 85 A.2d 343 (Cty. Ct. 1951), affirmed 20 N.J. Super. 486 (App. Div. 1952), the court when confronted with the jurisdictional problem discussed the difference between matters maritime and matters maritime but local. Applying the tests given in the Hardt v. Cunningham case to the matter sub judice it appears that if the accident occurred on land, or if the accident occurred on the water but the vessel was engaged in local activity, the State would have jurisdiction. Thus, though there is no proof of where, as between the dock or the vessel, the accident occurred, from the evidence presented and construed in a light most favorable to the petitioner it may be inferred that the accident arose on land. From testimony that the respondent had been doing work on a bridge it may be found that the work, though maritime, was local in nature.
For the above mentioned reasons it is the judgment of this court that petitioner has presented a prima facie case of an accident arising out of and in the course of his employment with the respondent and that the State has jurisdiction. The judgment of the court below is reversed and the cause remanded.