■ In the Matter of VIVIAN JONES, Appellant, v. JOHN R. MOTT, Respondent.— MEMORANDUM BY THE COURT. Appeal by the appellant petitioner from an order of Family Court, Albany County, which fixed the fee for her attorney at the sum of $1,000. The attorney had sought an allowance of some $4,000. Based upon the affidavits of the petitioner's attorney and the testimony adduced in the record, this court is unable to find, as a matter of law, that the Family Court in making the award improvidently exercised its discretion. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by the court.

■ In the Matter of the Claim of INEZ BRAME, Respondent, v. ALCAR TRUCKING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board on the ground that decedent's death occurred solely due to his intoxication. Decedent, a truck driver, was killed while crossing the Long Island Expressway, on foot, to reach a second truck sent to aid him when the truck he was driving broke down. Appellants claim that the presence of a 0.31% concentration of alcohol in decedent's brain revealed, upon the autopsy, an amount which normally means a person is intoxicated with seriously impaired motor functions, judgment and visual perception, establishes intoxication as the sole cause of decedent's accident and death. While there is no testimony that decedent exhibited any of these impairments, appellants contend that if decedent's judgment were not impaired he would have made use of an available overpass rather than crossing the six-lane highway on foot. It seems important that the carrier did not produce the coemployee who was present at the scene although he is quoted in the application for review. No reason is advanced for his nonproduction as a witness. (Cf. *Noce* v. *Kaufman*, 2 N Y 2d 347, 353.) Of course, intoxication must be the sole cause of an injury before it is not compensable (Workmen's Compensation Law, § 10) and there is a presumption that an accident did not occur solely due to intoxication which appellants have the burden of overcoming (Workmen's Compensation Law, § 21, subd. 4). "It is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that we may interfere with the board's determination". (*Matter of Post* v. *Tennessee Prods. & Chem. Corp.*, 19 A D 2d 484, 486, affd. 14 N Y 2d 796.) If the board's decision is supported by substantial evidence, it must be affirmed (e.g., *Matter of Majune* v. *Good Humor Corp.*, 26 A D 2d 849). Although the presence of 0.31% alcohol indicates intoxication, it does not automatically alone establish intoxication to be shown to be the only cause of death (*Matter of Segnini* v. *Roxbury Ski Center*, 14 A D 2d 449; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, affd. 9 N Y 2d 891). Nor does the decedent's failure to use the overpass (1,000 feet away according to a police report and 100 feet away according to the medical examiner's report) require the board to find intoxication. The shortest, fastest route to the second vehicle was clearly directly across the expressway. Beyond these assertions there is absolutely no additional proof as to intoxication and on this state of the record we find no basis to disturb the board's factual determination that death was not due solely to intoxication. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.