124 N.J. Super. 184 (1973)
305 A.2d 797
DOROTHY ANSLINGER, PETITIONER-APPELLANT,
v.
CARTER WALLACE, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1973.
Decided June 1, 1973.
*186 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Mr. George H. Conover, Jr. argued the cause for appellant (Messrs. Levinson, Conover, Fink & Axelrod, attorneys).
Mr. Thomas H. Green argued the caused for respondent.
The opinion of the court was delivered by FRITZ, J.A.D.
Petitioner appeals from the dismissal of her dependency claim petition in the Workmen's Compensation Division. The judge of compensation found and concluded that decedent's intoxication was the sole cause of the automobile accident, occurring following his attendance at a business dinner subsequent to which he had done further drinking elsewhere, which claimed his life.
The finding of fact as to decedent's intoxication is amply supported in the evidence. The record is replete with overwhelming testimony as to decedent's staggeringly and unbelievably inebriated state. Among the many factors mandating such a conclusion are, for instance, the fact that his blood alcohol was measured at .312%, and the fact that the accident occurred when decedent drove his automobile into and under the rear of a tractor-trailer truck as both were moving along Route 22 in a westerly direction in Bridgewater Township.
Indeed, even now appellant's counsel not only does not dispute this gross intoxication, but concedes it. He argues, however, as he did below, that since an automobile was the instrumentality causing the death, intoxication was not the sole cause of the accident, and liability, therefore, cannot be avoided on this ground. The judge of compensation rejected this argument, as do we.
We realize that the employer had an interest in the decedent attending the function involved and that it should *187 bear the risk of injuries incidental to the event and to the going to and coming therefrom. Ricciardi v. Damar Products Co., 45 N.J. 54 (1965). We are also aware that the risk need not exceed a "usual and common one" to permit compensability. Cf. and contrast Henderson v. Celanese, 16 N.J. 208 (1954), overruled by George v. Great Eastern Food Products, Inc., 44 N.J. 44 (1965). But we do not deny compensation on the basis that the accident did not arise out of or in the course of the employment or that the death was not causally related to the injury. We deny compensation because N.J.S.A. 34:15-7 excludes otherwise compensable injuries "when intoxication is the natural and proximate cause" thereof. As against appellant's argument that this exclusionary provision does not apply because the use of an automobile was involved and this factor combined with the incredible intoxication to produce the injury, we observe that to adopt this position would result in the exclusion applying only if a workman died of or was disabled from alcoholism. We cannot conceive that the Legislature intended such a narrow meaning. To hold as appellant suggests would be, in effect, to strike from the books the legislative enactment, for if it was not intoxication here solely responsible for the injury, it is unlikely that it shall ever be.
We arrive at this conclusion without offending the long-standing concept that the intoxication must be "the" natural and proximate cause, not simply a contributory or concurring cause. Kulinka v. Flockhart Foundry Co., 9 N.J. Super. 495 (Cty. Ct. 1950), aff'd sub nom. Bujalski v. Flockhart Foundry Co., 16 N.J. Super. 249 (App. Div. 1951), certif. den. 8 N.J. 505 (1952). In Kulinka, concurrence was demonstrated by the presence of hazards or risks incidental to the employment contributing efficiently to the production of the accident. It was there observed that the employment might supply a setting, a stage, a situation, without necessarily constituting a concurring cause. Concurrency vel non of an employment factor might be tested  *188 although possibly not invariably controlled  by whether the specific hazard involved in the accidental occurrence existed for the sober as well as the intoxicated.
Such a rule would, of course, bring the ordinary hazards of driving within the ambit of employment factors as thus defined. But we will not extend this generous view of employment risks to the hazard of driving into and under the rear of a tractor-trailer truck proceeding in the same direction on a multi-lane highway.
It is interesting to note that in all the New Jersey cases cited to us by appellant, there remained at the end at least some substantial question of proof with respect to the fact of intoxication. Olivera v. Hatco Chemical Co., 55 N.J. Super. 336 (App. Div. 1959), certif. den. 30 N.J. 557 (1959); Kelly v. Hackensack Water Co., 23 N.J. Super. 88 (App. Div. 1952); O'Reilly v. Roberto Homes, Inc., 31 N.J. Super. 387 (App. Div. 1954). As has been noted, here the absolute nature of the intoxication was abundantly apparent and its fact is conceded.
To the extent that the New York cases cited to us are inconsistent with our holding here, we differ. Brame v. Alcar Trucking Company, 31 App. Div.2d 881, 297 N.Y.S.2d 378 (App. Div. 1969); Post v. Tennessee Products & Chemical Corp., 19 App. Div.2d 484, 244 N.Y.S.2d 389 (App. Div. 1963), aff'd 14 N.Y.2d 796, 251 N.Y.S.2d 32, 200 N.E.2d 213 (Ct. App. 1964); Cliff v. Dover Motors, Inc., 11 App. Div.2d 883, 202 N.Y.S.2d 914 (App. Div. 1960), aff'd 9 N.Y.2d 891, 216 N.Y.S.2d 703, 175 N.E.2d 831 (Ct. App. 1961). It is to be seen that the latter two cases involved dissents in both courts. We agree with the observation of Justice Herlihy in one of these, adopted by reference by the dissent in the Court of Appeals, that, "It could not be the intendment of the Legislature to have the word `solely' become a barrier to the practicalities of life." Post, supra, 244 N.Y.S.2d at 393-394.
*189 Appellant also contends that the employer's expectation that appellant would attend dinners where drinks would be served estops it from asserting intoxication. The argument is frivolous. We have assumed that the accident in question arose out of and in the course of the employment, agreeably with the findings below (although the decedent's attendance at a second function that evening made the issue at least arguable). That employment cannot in any sense have been said either to suggest, encourage, or anticipate intoxication. Estoppel is not appropriate. Tate v. Industrial Accident Comm'n., 120 Cal. App.2d 657, 261 P.2d 759 (1953), in which the employer participated with the employee in the latter's imbibing, even to the extent of buying drinks, is factually distinguishable.
Affirmed.