690 A.2d 1126

JEFFREY WARNER, PETITIONER–RESPONDENT, v. VANCO MANUFACTURING, INC., RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1997—Decided April 8, 1997.

Before Judges HAVEY, KESTIN and EICHEN.

*Frank T. Giuliano* argued the cause for appellant (*Frank T. Giuliano*, attorney; *David P. Kendall* on the brief).

*Jeffrey A. Klinger* argued the cause for respondent (*Flynn & Austin*, attorneys; *Mr. Klinger* on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

In this workers' compensation case, respondent Vanco Manufacturing, Inc., appeals from a judgment awarding medical and temporary benefits to petitioner Jeffrey Warner. We affirm.

Petitioner was injured on July 28, 1994 when he fell from a narrow, eighteen-foot high scaffold in the course of assembling a metal roof on a tractor trailer. Respondent sought to resist petitioner's claim on the statutory ground that intoxication was the natural and proximate cause of the accident. *N.J.S.A.* 34:15-7. The judge of compensation concluded that respondent failed to demonstrate that petitioner's intoxication was the sole cause of the accident and his injuries and entered judgment in favor of petitioner.

The relevant facts follow. The scaffold on which petitioner was working consisted of a bridge supported by "two sides." The bridge spanned the tractor trailer as it rested in the assembly

area at the workplace, allowing workers to "go from one side to the other." The record reflects that the walkway of the bridge was only two feet wide and cluttered with work materials. To position the bridge on the side supports so that a trailer could properly fit in the assembly area, the bridge had to be fastened to a crane which then would move the assembly apparatus. On the day of the accident, petitioner reported to work at 7:00 a.m. after having spent the prior evening and the early morning hours of July 28, 1994 drinking vodka. During that period, petitioner consumed one-half gallon of alcohol. Additionally, on the day of the accident, petitioner drank two beers at his 10:15 a.m. morning break. The accident happened at about 1:30 p.m.

At the compensation hearing, petitioner testified that he fell from the scaffold while he was attempting to fasten a crane hook to the bridge in order to move the assembly apparatus. Apparently, the bridge was missing an "eye hook" to which the crane could be fastened. Petitioner described the occurrence as follows:

I hooked the bridge up to the crane, which didn't have an eye hook in it, which it should have.

   \*     \*     \*     \*     \*     \*     \*     \*

I went to kick it into place because it wouldn't set right. And when I kicked it, the crane slid—the hook on the crane slid and I just fell off.

   \*     \*     \*     \*     \*     \*     \*     \*

[Again,] ... I hooked it up to the crane. I took it all the way down. And, like I said, when I kicked it, to get it into place because it had these like ... two ... lips on each side and to get it into place, I had to kick it. When I kicked it, the crane slid and I just ... fell right off.

During the hearing, petitioner's co-worker testified that the scaffolding area was very unstable, that another individual had previously fallen from the scaffold, and that he was reluctant to even go up on the bridge. In addition, petitioner's co-workers testified that petitioner had not acted "unusual" on the date of the accident, stating that he "looked and acted normally." Respondent offered no proof in opposition to that testimony.

Respondent grounded its case on the intoxication defense, *N.J.S.A.* 34:15–7. Dr. Richard Saferstein, an expert in forensic

science and blood alcohol analysis, relying on extrapolation evidence, testified that petitioner's blood alcohol reading must have been .29% at the time of the fall, and that a person with such a high reading "could not have properly performed any basic task on [the scaffolding] due to the . . . extremely high alcohol intoxication." Therefore, Dr. Saferstein concluded that petitioner's intoxication "was the sole and proximate cause of the accident." Dr. Saferstein stated, however, that he was primarily concerned with petitioner's consumption of alcohol, and "not the details of how the accident occurred," indicating that "[t]he only thing he could tell . . . about the accident itself is that it involved a fall and [that petitioner] was on some sort of . . . a fairly narrow surface. . . ."

The workers' compensation judge found that petitioner fell when he "attempted to connect a crane hook to the bridge in order to move the scaffold"; that the "crane would not set right," and, therefore, petitioner tried "to kick it into place," and "[a]s he did so, the crane slid causing petitioner to fall." Based upon these findings, the judge concluded that the respondent had failed to sustain its burden of proving that petitioner's intoxication "was the sole cause of the accident. . . ." In so ruling, the judge commented that although Dr. Saferstein testified that petitioner was intoxicated at the time of the accident, that opinion "does not explain how that [intoxication] solely caused the accident, [noting] [t]here was no evidence presented that the petitioner was staggering, falling, unable to keep his balance or any other indicia of an inability to do his job." Rather, the judge noted that the testimony indicated that petitioner looked and acted "normal" during the entire period prior to the accident. The judge then concluded that "petitioner's description of the events that led to his fall was not contested or contravened in any way." Accordingly, the judge entered judgment in petitioner's favor.

On appeal, respondent contends that the judge incorrectly evaluated the circumstances of petitioner's fall, leading to the erroneous conclusion that petitioner's intoxication was not the sole and

proximate cause of petitioner's fall. Next, respondent contends that the judge should have employed a "sliding-scale" standard to determine whether the employee's intoxication was the sole proximate cause of the accident and injury, arguing that when, as here, "overwhelming evidence of intoxication" exists in the record, it alone is sufficient to preclude a finding of other concurrent causes of injury. Finally, respondent contends that the appropriate standard for determining whether an intoxication defense has been established requires "a showing of natural and proximate, ... not sole[ ] cause" of injury.

The Workers' Compensation Act (the Act), *N.J.S.A.* 34:15–1 to – 128, is the exclusive remedy afforded an employee injured in the course of employment. *N.J.S.A.* 34:15–8. The Act expressly requires an employer to pay compensation to an employee injured or killed as the result of an accident "arising out of and in the course of employment," except where intoxication is "the natural and proximate cause" of the injury or death. *N.J.S.A.* 34:15–7.

New Jersey decisional law interprets section 7 to require an employer to demonstrate "by the greater weight of the evidence that the employee's injury was produced solely by his intoxication" if the employer is to defeat a compensation award. *Olivera v. Hatco Chemical Co.*, 55 *N.J.Super.* 336, 350, 150 *A.*2d 781 (App.Div.) (quoting *Kulinka v. Flockhart Foundry Co.*, 9 *N.J.Super.* 495, 505, 75 *A.*2d 557 (Cty.Ct.1950), *aff'd sub nom Bujalski v. Flockhart Foundry Co.*, 16 *N.J.Super.* 249, 84 *A.*2d 468 (App.Div.1951), *certif. denied*, 8 *N.J.* 505, 86 *A.*2d 321 (1952)). *See White v. Atlantic City Press*, 64 *N.J.* 128, 137 n. 1, 313 *A.*2d 197 (1973), *certif. denied*, 30 *N.J.* 557, 154 *A.*2d 449 (1959). *See generally* 1A Arthur Larson, *Workers' Compensation Law*, § 34.35 (1996). Hence, the employer must exclude other probable, contributory or concurring causes of injury or death. *See Bujalski, supra*, 16 *N.J.Super.* at 250, 84 *A.*2d 468; *Kulinka, supra*, 9 *N.J.Super.* at 507, 75 *A.*2d 557. As was stated in *Kulinka, supra*, 9 *N.J.Super.* at 505, 75 *A.*2d 557:

> [T]he employment must supply no more than the setting, the stage, the situation in which the fall occurred; it can be no more than an inactive condition as distinguished from a moving cause. If the hazards or risks which are incidental to the employment concur with the employee's insobriety in producing the fall or if the hazards or risks contribute efficiently to the production of the fall, compensation cannot be denied.

*Accord, Anslinger v. Wallace,* 124 *N.J.Super.* 184, 187–88, 305 *A.*2d 797 (App.Div.), *certif. denied,* 63 *N.J.* 552, 310 *A.*2d 467 (1973).

■ In this case, the judge concluded that the sliding crane contributed to petitioner's fall. That finding is amply supported by the record, *Close v. Kordulak Bros.,* 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965), and was not based on a misapprehension of petitioner's testimony. Moreover, relying upon the testimony of petitioner's co-workers that petitioner "looked and acted normal" from 7:00 a.m. until 1:30 p.m., and the evidence that petitioner was able to perform his duties prior to the accident, the judge reasonably determined that the sliding crane, was a concurring cause of the accident. Hence, he rejected respondent's contention that petitioner's kicking motion made while he was intoxicated was the sole producing cause of the fall. Notably, petitioner was working in a very narrow, cluttered area eighteen feet in the air on a scaffold which was not secured in any manner and which was missing an "eyehook." The record amply supports the conclusion that the "hazards or risks . . . incidental to [his] employment concur[red] with [his] insobriety in producing the fall." *Kulinka, supra,* 9 *N.J.Super.* at 505, 75 *A.*2d 557. Accordingly, respondent failed to meet its burden of proving intoxication as *the* sole cause of petitioner's injury.

■ We reject respondent's effort to impose a hard and fast rule that "overwhelming evidence of intoxication," as reflected by petitioner's grossly elevated blood alcohol level of .29%, automatically precludes a finding of other concurrent causes underlying an otherwise compensable injury. As we have noted before, "[t]he effect of any given percentage of alcohol to blood in terms of aberration from normal behavior concededly varies in individuals,"

*Olivera, supra,* 55 *N.J.Super.* at 355, 150 *A.*2d 781 (Conford, J.A.D., concurring); hence, a *per se* rule precluding a finding of other concurrent causes, based solely upon a high blood alcohol reading, would unnecessarily expand the scope of the intoxication defense to prevent individuals, whose injuries result to some material degree from a specific employment hazard, from recovering benefits to which the Legislature has declared them entitled. Such a result would most certainly contravene the liberal construction traditionally given to the Act. *See generally Wilson v. Faull,* 27 *N.J.* 105, 116, 141 *A.*2d 768 (1958) ("Workmen's compensation laws were designed to provide an expeditious and certain remedy for employees who sustain work injuries . . . .").

Our holding in *Anslinger, supra,* 124 *N.J.Super.* at 188, 305 *A.*2d 797 is not to the contrary. There, the intoxicated employee drove "into and under a tractor trailer truck proceeding in the same direction as petitioner's on a multi-lane highway." In those circumstances, we concluded that the petitioner's employment merely provided a stage or setting for the injury such that the accidental occurrence could not be said to exist for the sober as well as the intoxicated. Accordingly, we agreed that the employee was properly denied workers' compensation benefits. But where, as here, the specific hazards of the job clearly existed for the sober and intoxicated alike, the intoxication defense was unavailing.

Our decision in *Cellucci v. Bronstein,* 277 *N.J.Super.* 506, 523, 649 *A.*2d 1333 (App.Div.1994), *certif. denied,* 139 *N.J.* 441, 655 *A.*2d 444 (1995), is not necessarily inconsistent with this conclusion. *Cellucci* was a legal malpractice case. Plaintiff alleged his attorney had been negligent in recommending that he settle his workers' compensation claims because it was likely that the compensation judge would conclude Cellucci's level of intoxication was the sole cause of his injuries and bar any recovery. Cellucci had a .322% blood alcohol reading when he dove into the shallow end of a lake at a recreational event at which he had been working as a bartender. Cellucci was familiar with the shallowness of the lake,

had knowledge of water safety and was aware of the dangers created by mixing drinking and diving in the lake. *Id.* at 522, 649 *A.*2d 1333.

In that context, we observed that "overwhelming evidence of intoxication ... precludes a finding of other concurrent causes" because "the specific hazards giving rise to [Cellucci's] injury did not exist for a sober [Cellucci] as they did for an intoxicated [Cellucci]." *Id.* at 523, 649 *A.*2d 1333. Hence, to the extent our decision in *Cellucci* may suggest, as respondent contends, that overwhelming evidence of intoxication precludes a finding of other concurrent causes, we reject that assertion as too broadly conceived.

Finally, respondent urges us to reject the "sole and proximate cause" test and adopt a "sliding scale" approach to interpreting the statutory intoxication defense. Since *Kulinka, supra,* the courts have employed the "sole" cause test as the standard for determining whether an employee's intoxication negates an award of compensation. As was stated there, "[i]f the Legislature intended intoxication [to be viewed] as a concurrent or contributory cause of an injury to effect a deprivation of the benefits of the statute, it would have been a simple matter to have said so." *Kulinka, supra,* 9 *N.J.Super.* at 505, 75 *A.*2d 557. This is especially true in view of the Legislature's revisions of the Act in 1979 which left section 7 intact. Finally, respondent's contention that our highest court has not directly addressed the standard is not entirely accurate. *See White, supra,* 64 *N.J.* at 137, 313 *A.*2d 197 (expressly recognizing "the sole cause" interpretation); *Patton v. American Oil Co.,* 116 *N.J.L.* 382, 383, 185 *A.* 35 (E. & A.1936) (affirming the compensation commissioner's determination that petitioner's intoxication was "the sole and proximate cause of the accident").

Affirmed.