New Jersey Department of Labor,
Workmen's Compensation Bureau.

HARRY N. LEVENGOOD, PETITIONER, v. NEW YORK
SHIPBUILDING CORPORATION, RESPONDENT.

Decided June 29, 1946.

274

For the petitioner, *William E. Strouse.*

For the respondent, *Carroll & Taylor (A. Millard Taylor,* appearing).

· The petitioner, Harry N. Levengood, seeks compensation from the respondent, New York Shipbuilding Corporation, alleging that on March 27th, 1945, he sustained an accident arising out of and in the course of his employment with the respondent. The facts therein are not disputed. At the close of petitioner's case, the respondent moved for a dismissal, contending that the petitioner had failed to establish that he sustained an accident within the meaning of the Workmen's Compensation Act (*N. J. S. A.* 34:15–1, *et seq.*).

It appears that the petitioner was employed with the New York Shipbuilding Corporation as a painter. The place of employment of the petitioner was in that portion of the shipyard located on the west side of Broadway. The time shed is also located there.

On March 27th, 1945, petitioner drove his own vehicle to work and parked it on the east side of Broadway in a parking lot provided by the respondent for that purpose. On that date the petitioner was working on the 4:00 P. M. to 12:00 midnight shift on the west side of Broadway and when he finished his work for the day he walked to the time shed, punched his card, and then .started for his car which was parked in the parking lot on the other side of Broadway. Petitioner testified that when he punched his card he had completed his work for the respondent for the day. He further testified that he had never returned to the yard after checking out.

The parking lot had previously been designated to him by the respondent as the one where he could park his car. When he reached his car, he found that it had a flat tire. He did not have a jack but was able to borrow one from the shipyard. While petitioner was engaged in placing the jack under it, another car driven by another employee struck petitioner in the legs, causing the injury complained of.

In cases of this nature, we are faced with the ever-perplexing question of determining whether the relationship of employer and employee existed at the time of the injury, or whether such relationship had ceased and the employee was on his own.

"An accident arises 'out of' the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it. * * * A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. * * * And a risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment." *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458.

A long line of cases have held the Workmen's Compensation Act to be remedial legislation and that the construction to be accorded it must be liberal in an attempt to meet its scope and purposes. However, we cannot ignore the plain language of the statute and make the employer an insurer for all injuries suffered by the employees. *Belyus* v. *Wilkinson Gaddis & Co.,* 115 *N. J. L.* 43; 178 *Atl. Rep.* 181.

In *Gullo* v. *American Lead Pencil Co.,* 119 *N. J. L.* 484; 196 *Atl. Rep.* 438, the petitioner was employed by the respondent and while proceeding to work one morning a few minutes before time to commence work, she slipped on ice on the sidewalk in front of an entrance to the factory which she did not intend to use and was injured. The court denied recovery, holding that the injury did not arise out of or in the course of her employment and stated: "In seeking the

proper construction of the statute, where is the boundary between employment and non-employment to be found if not in the facts of the present case. Is it when the employee is within a few feet of the place of employment, but still on the public highway in no way connected therewith, and not where the distance intervening is multiplied few or many times? Is it when one starts on the journey from home to factory? If not, at what point between does employment begin? There must come a time when the employee is on his own. At the time of the accident the respondent was not in employment. The time and place were her own; she could proceed or turn back. She was in no sense in the service of the employer at the moment."

In *Grady* v. *Nevins Church Press Co.*, 120 *N. J. L.* 351; 199 *Atl. Rep.* 578, the petitioner was about to enter her place of employment one-half hour before the commencement of her work. She walked up a slightly inclined driveway, slipped, fell and was injured. The court denied recovery on the ground that the accident, which resulted in the injury, was not incidental to her employment.

In *Burton* v. *Board of Education of Verona*, 21 *N. J. Mis. R.* 108; 31 *Atl. Rep.* (2d) 337, the petitioner was a school teacher who assisted voluntarily with gas rationing in the school building after school hours. When leaving the school building, after being so engaged, she fell and fractured her ankle. This was held to be non-compensable as not arising out of and in the course of her employment.

The fact that an employee is injured while within the premises of his employment is not dispositive of the question, as the mere happening of such an accident does not *per se* entitle him to the benefits of the act. There is still the question as to whether such accident arose out of and in the course of employment.

In *Van Devander* v. *West Side M. E. Church*, 10 *N. J. Mis. R.* 793; 160 *Atl. Rep.* 763, the petitioner was a minister who strained his back while removing a barrel of ashes from the cellar of the parsonage. It was held by the court that the accident did not arise out of and in the course of his employment; that carrying ashes was not incidental to the

office of minister and that the petitioner was engaged in something for his own personal benefit.

In *Jones* v. *Public Service Interstate Transportation Co.,* 5 *N. J. Mis. R.* 523, the petitioner was in the machine shop division of the garage working on an emery wheel which the foreman testified was no part of his employment. He was employed as an electrician and was working after his regular hours, grinding a lock which was his own property. The court held the accident did not arise out of and in the course of his employment.

In *Colucci* v. *Edison Portland Cement Co.,* 94 *N. J. L.* 542; 111 *Atl. Rep.* 4, the employee left the work he was doing, went into another building of his employer and deliberately laid down to sleep and slept for several hours. His assistant foreman, finding him asleep, threw a brick on the tin roof intending to awaken him, but the brick went through the roof and hit the employee in the stomach inflicting injuries from which he died. The court held the employee had temporarily abandoned his employment and denied compensation.

The petitioner herein was employed as a painter, he "checked out" after his day's work and went to the parking lot provided by his employer. Upon reaching his car he found a flat tire, and not having a jack went to a building of his employer and borrowed one. He then returned to his car and while changing the tire, sustained the injuries for which compensation is sought. Was he, at the time of the accident, fulfilling the duties of his employment, or doing something reasonably incidental thereto?

It is quite apparent from the above cited cases that the determining factor in construing the statute is whether the relationship of employer and employee may reasonably be said to have existed at the time of an accident, regardless of whether the occurrence happened upon the premises of employer or during actual hours of employment, or in proximity thereto. Had such relationship terminated? I am unable to comprehend how or in what manner the condition of petitioner's automobile may be construed to be related to his contract of service, or reasonably incidental thereto. If the con-

dition of the automobile is not related to his employment, it is difficult to conceive how the making any repair thereto, which might change its condition, could be related. While it may be that the parking lot, provided and controlled by the employer, was for the mutual benefit of both employer and employee, it can hardly be denied that the benefit contemplated was a place for the parking of cars of such employees who chose to use the same, for their convenience in coming to and returning from employment, and not for the repairing of mechanical or other defects of automobiles parked therein. The petitioner, in seeking to change the tire, embarked on a personal venture for his sole benefit, and in so doing terminated the relationship of employer and employee and was on his own. Even though he may have been cloaked with the protective covering of the Workmen's Compensation Act while en route to his car through the parking lot, if, at the time of the accident the necessary relationship did not exist, the benefits of the statute cannot be extended. I therefore find that the accident which the petitioner sustained did not arise out, during and in the course of his employment with the respondent.

I do not believe such conclusion conflicts with the case of *Dewar* v. *General Motors Corp., 19 N. J. Mis. R. 297; 19 Atl. Rep. (2d) 194,* where the petitioner, in going to his car in a parking lot provided by the employer, tripped over a wooden marker in the parking lot and sustained the injuries for which compensation was awarded. He was en route to his parked car and had not engaged in an act disassociated with his employment.

For the reasons herein expressed, it is on this 29th day of June, 1946, ordered that the petition filed herein be and the same is hereby dismissed.

R. WAYNE KRAFT,
*Deputy Commissioner.*