EDITH McCRAE, PETITIONER-DEFENDANT, v. EASTERN AIRCRAFT, TRENTON DIVISION, GENERAL MOTORS CORP., RESPONDENT-PROSECUTOR.

Argued January 21, 1948—Decided June 4, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the petitioner-defendant, *George Pellettieri*.

For the respondent-prosecutor, *Kalisch & Kalisch*.

The opinion of the court was delivered by

BURLING, J. This is a review on *certiorari* of a judgment of the Mercer County Court of Common Pleas affirming the judgment of the Workmen's Compensation Bureau, which judgment awarded compensation to petitioner-defendant (hereinafter called petitioner).

The two lower tribunals have found that the injury in question arose out of and in the course of petitioner's employment and petitioner is entitled to compensation. Whether they are in conflict or accord, it is our duty under the statute (*R. S.* 2:81–8 and 34:15–66) to determine the law and facts independently of the finding thereon by the lower courts.

Accordingly we proceed to our duty to evaluate the testimony and determine the facts.

Petitioner was employed by respondent (hereinafter called employer) at its plant just outside of Trenton. On the day in question she came to work in the automobile of a fellow employee which automobile was then parked in a parking lot belonging to the employer. This parking lot was located across a highway from the plant in which petitioner was working.

At the close of her work petitioner left the plant and started for the parking lot to enter the automobile in which she came to work. As she was crossing the highway she was bumped into and thrown down by a fellow employee who was running across the highway and going to the same place. It was this fall which produced the injury in question, which injury was later aggravated by a fall on an icy pavement. If the injury is compensable at all, the employer concedes that it is liable for the effects of the second fall as well as the first.

Employer's plant is located on two sides of a public highway. Adjacent to this plant on each side of the highway are parking yards constructed and maintained by the employer for the use of its employees. The employer provides a traffic officer whose duties are to direct traffic of motor vehicles and to provide for the safe crossing of its employees. This officer was stationed in the center of the public highway between the two gates, and was on duty at the time of the accident.

The employer contends that this officer was placed there by it as a mere courtesy and that this accident happened not out of the employment but apart from it, with the necessary deduction that no compensation should be allowed.

We are of the opinion that the accident did arise out of petitioner's employment and that compensation should be allowed. The general rule is that injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business, but this general rule is subject to exceptions which depend upon the nature and circumstances of the particular employment.

The employer relies on *Riggs* v. *New York Shipbuilding Corp. (Supreme Court, 1938)*, 16 *N. J. Mis. R.* 92. In that case, the petitioner had not yet reported for duty and alighted from a bus and was struck by an automobile proceeding in the same direction as the bus from which he alighted. That case is controlled by *Gullo* v. *American Lead Pencil Co. (Court of Errors and Appeals, 1937)*, 119 *N. J. L.* 484. However, in the *Gullo* case, *supra,* the employee fell while passing along the sidewalk in front of the premises. He argued that the act of the employer in sweeping the sidewalk clear of ice and snow was an assumption of control. In disposing of his contention the court said:

At page 487: "* * * The action of the appellant was certainly not an assumption of control of the highway or of any special right therein."

In *Rubeo* v. *Arthur McMullen Co. (Court of Errors and Appeals, 1936)*, 117 *N. J. L.* 574 (at *p.* 578), it was held:

"* * * The injuries or death suffered by the employee during the transportation period may not necessarily occur under the circumstances embraced within the principles of law pronounced by the court below and yet may well be, for example, the result of a practice between the parties which is beneficial both to the employer and employee. And it is the well settled law that an accident occurring in the latter circumstance is one arising out of and in the course of the employment and hence is compensable."

The employer installed the parking lots in question for the mutual benefit of itself and its employees. Its plant is located at some distance from the center of Trenton and its interests are better served by making available the means by which employees may use their own transportation. By placing a traffic officer in the highway at the time its employees were passing across it to reach a parking lot, the employer assumed control of the highway. The placing of the officer to direct and control traffic was for a benefit to the employer and not merely a courtesy to the petitioner.

From our independent finding and examination of the facts and the law applicable thereto we find that the injury in question arose out of and in the course of the petitioner's employment and petitioner is entitled to compensation.

The judgment of the Mercer County Court of Common Pleas is affirmed, with costs.