24 N.J. Super. 529 (1953)
95 A.2d 12
SAMUEL VAN NOTE, PETITIONER-RESPONDENT,
v.
CLARENCE COMBS AND HARRY COMBS, T/A COMBS RIDING ACADEMY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1953.
Decided February 19, 1953.
*530 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Arthur F. Mead argued the cause for appellants (Messrs. Cox & Walburg, attorneys).
Mr. Thomas F. Shebell argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
Upon considering the testimony of the petitioner and of the other witnesses who personally appeared before him, the deputy director of the division resolved that the petitioner was entitled to a specified award of workmen's compensation. On appeal the Monmouth County *531 Court reached a concordant conclusion. We are requested to review the legal and factual propriety of the latter determination.
It must be immediately realized that we exercise our authority to review within the orbit of our supervisory and remedial function in appeals of this nature. Vide, Vandenburg v. John De Kuyper & Son, 5 N.J. Super. 440, 447 (App. Div. 1949); Morgan v. Letwenske, 6 N.J. Super. 67 (App. Div. 1949); Galloway v. Ford Motor Co., 7 N.J. Super. 18, 22 (App. Div. 1950), affirmed 5 N.J. 396 (1950); Kuperstein v. Gude & Cole Corp., 7 N.J. Super. 200 (App. Div. 1950); Donofrio v. Haag Brothers, Inc., 10 N.J. Super. 258 (App. Div. 1950); Giacchi v. Richmond Brothers Co., 11 N.J. Super. 76 (App. Div. 1951); Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363 (App. Div. 1951); Lilly v. Todd, 15 N.J. Super. 1 (App. Div. 1951); Becker v. City of Union City, 17 N.J. Super. 217, 227 (App. Div. 1952); Trusky v. Ford Motor Co., 19 N.J. Super. 100 (App. Div. 1952).
Obviously, the findings of fact of the County Court parallel those of the deputy director, who had the superior opportunity to determine the credibility of the testimony.
Counsel for the appellants contends that the bodily injuries sustained by the petitioner in the mishap which occurred on November 29, 1951 were occasioned by the petitioner's state of voluntary intoxication and that the accident did not arise out of and in the course of his employment.
At the time of his misfortune the petitioner, 64 years of age, had been in the employ of the respondents as a stableman for a period of 25 years. The respondents conduct a riding academy and maintain a stable for as many as 20 horses. The petitioner and a fellow employee were employed to take care of the stable and the horses. The petitioner was afforded living quarters in a trailer situate about 50 feet from the stable and in recognition of his employment seems to have assumed a supervision of the stable and the horses throughout the day and night.
*532 It may be inferred from the evidence that the petitioner had no conscientious aversion to the occasional consumption of alcoholic beverages. One of those occasions of inabstinence occurred on November 29, 1951. Shortly after midday he felt indisposed and whether by reason of an asthmatic seizure as the petitioner explained or because of the sedentary influences of alcoholic potations, he selected a blanket and ascended the ladder to the haymow of the stable where his eyes soon began to draw straws and he was overpowered by sleep.
Some time after sunset the kicking of some of the horses in the stalls beneath awakened him and like the whistle signals of an approaching locomotive to the crossing watchman, he recognized the call to duty. It was while proceeding toward the exit from the mow that he tripped over what he believes to have been a bale wire and fell through the hatch approximately 18 feet to the floor below. Such was the import of the testimony of the petitioner.
Whether the horses kicked is unknown except to the petitioner and the horses, the only occupants of the stable at the time. Whether the petitioner tripped is solely within the knowledge of the petitioner. That the petitioner fell from the mow is not seriously doubted; that he sustained serious injuries is indubitable.
It is in the light of that state of the evidence that the propriety of the award of compensation is considered. There was evidence comprising the former admissions of the petitioner that "he had too much to drink" and the prompt discovery of a half-consumed bottle of wine in the hayloft, but assuming that the petitioner had consumed a quantity of alcohol, it was not established that he was in such a state of incapacitating intoxication, especially after such a lengthy siesta, as to justify the preponderant inference that his tippling was the sole and proximate cause of the accident, superior in weight to the petitioner's explanation of the mishap. Vide, Kulinka v. Flockhart Foundry Co., 9 N.J. Super. 495 (Cty. Ct. 1950), affirmed, 16 N.J. Super. 249 (App. Div. 1951), certif. denied, 8 N.J. 505 (1952).
*533 The employer of the petitioner in describing the scope of the petitioner's employment testified it was his "job" to water and feed the horses, and "if anything else happened in the stable while he was there, he was supposed to take care of it." Initially, it may be understood that such an employee need not be actually working at the moment of the accident. Zabriskie v. Erie Railroad Co., 85 N.J.L. 157 (Sup. Ct. 1913), affirmed, 86 N.J.L. 266 (E. & A. 1914); Waskevitz v. Clifton Paper Board Co., 7 N.J. Super. 1 (App. Div. 1950); Macko v. Hinchman & Son, 24 N.J. Super. 304 (App. Div. 1953).
But in the present proceedings, the uncontroverted testimony discloses that something "else happened in the stable," namely, the kicking of the horses, which the petitioner was required "to take care of" in the pursuit of his employment, and that it was in the undertaking to fulfil that service that he experienced the unanticipated mishap. Compare, Bolos v. Trenton Fire Clay, &c., Co., 102 N.J.L. 479 (Sup. Ct. 1926), affirmed, 103 N.J.L. 483 (E. & A. 1927), in which case upon hearing the whistle blow terminating the lunch hour the petitioner jumped on the running-board of a truck to return to the location of the one assigned to him.
We are not persuaded that the award should be nullified, and the judgment under review is therefore affirmed.