26 N.J. Super. 404 (1953)
98 A.2d 327
HAROLD R. BUERKLE, PETITIONER-APPELLANT,
v.
UNITED PARCEL SERVICE, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1953.
Decided June 18, 1953.
*406 Before Judges FREUND, STANTON and FRANCIS.
Mr. Frank Fink argued the cause for petitioner-appellant (Messrs. Margolis & Margolis, attorneys).
Mr. Everitt Rhinehart argued the cause for respondent-respondent (Mr. John W. Taylor, attorney).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
Appellant was denied compensation by the Workmen's Compensation Division and by the County Court. He charges that these rulings were erroneous.
The identical result in both tribunals carries persuasive but not determinative weight on this appeal because the issue is one of law and not a factual dispute.
Respondent had provided a parking lot for its employees at the rear of the building in which appellant was employed. It follows reasonably that this was done for the mutual advantage of employer and employee. McCrae v. Eastern Aircraft, 137 N.J.L. 244 (Sup. Ct. 1948).
*407 It was customary for Buerkle to ride home from work in the car of a fellow employee, Doherty, which was kept in the parking space.
On the day in question, December 20, 1951, the two men finished their work in the plant, checked out and walked about 25 to 35 feet across the parking lot to Doherty's car. They discovered that it could not be started because the battery was dead. Buerkle then volunteered to go to the building from which they had just come and borrow a battery booster from one of respondent's garage mechanics. He did so and while walking in the parking lot toward the disabled vehicle, he slipped on some ice and fell. As he did, the battery dropped on his left hand and injured it.
The compensation claim was rejected on the theory that the workman's act in obtaining the battery for the accommodation of his fellow employee took him out of the sphere of his employment. With this result we cannot agree.
If Buerkle fell while walking toward the car originally, or if he was struck by another car while doing so, the right to the statutory benefits would be beyond question. McCrae v. Eastern Aircraft, supra. Suppose he had forgotten his hat and returned for it? Would a fall on the way back to the car following the trip to retrieve it require a different result? We think not. But does the fact that the mission for the booster battery was for the immediate benefit of Doherty and for the ultimate purpose of enabling Buerkle and Doherty to depart from the parking place designated by the employer for their use, make the injury non-compensable?
It is not suggested that the battery charger or the act of carrying it was the efficient producing cause of the fall. This cause was the ice on the parking area, certainly an incidental risk of the employment.
An employee does not have to be actually engaged in work for the employer at the time of an accident. Van Note v. Combs, 24 N.J. Super. 529, 533 (App. Div. 1953). If the injury arises out of a risk which is reasonably incidental to the conditions and circumstances of the employment, the requirements for recovery are satisfied. Geltman v. *408 Reliable Linen & Supply Co., 128 N.J.L. 443, 446 (E. & A. 1942). It is not necessary that the particular accident or injuries be foreseen. "It is sufficient if they flowed as a rational consequence from a risk connected with the employment." Fenton v. Margate Bridge Co., 24 N.J. Super. 450, 455 (App. Div. 1953). And the application of these rules to a particular case must be engaged in with the remedial objective of this social legislation in mind.
The employer having established the parking lot, it is reasonable to charge him with the knowledge that an employee's automobile might have a flat tire or that its battery might become dead during the course of the working day and that some repair measures might be undertaken in order to accomplish the employee's departure from the premises. Therefore, in the circumstances present here the employee's act in obtaining the charger from the garage and carrying it from the very building in which he worked over the parking lot to the car did not take him out of the course of his employment.
The tribunals below relied in some considerable measure upon a Department of Labor case, Levengood v. New York Shipbuilding Corp., 24 N.J. Misc. 273 (W.C.B. 1946). We agree that the decision is quite analogous and to the extent that it is inconsistent with our present determination, it is overruled.
Evidence of the extent of appellant's disability was introduced at the hearing. The medical witnesses' testimony was in conflict and the record shows that the deputy director examined the injured hand. While we may fix the extent of disability in some circumstances, it does not seem appropriate to do it here. It ought to be done by the original trier of the facts who saw the witnesses and observed the condition of the hand involved.
Accordingly, the judgment is reversed and the cause remanded for determination of the monetary benefits to which appellant is entitled.