65 N.J. Super. 579 (1961)
168 A.2d 201
WILLIE RICE, PETITIONER-APPELLANT,
v.
PHARMACEUTICALS, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1961.
Decided March 3, 1961.
*580 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Edward J. Abromson argued the cause for appellant.
Mr. William T. McElroy argued the cause for respondent (Messrs. Shaw, Pindar, McElroy, Connell & Foley, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
This is a workmen's compensation case. The Deputy Director dismissed the employee's claim petition. He found that the accident occurred in the course of the employment, but concluded that it did not arise out of the employment. The Essex County Court affirmed the dismissal of the petition. On this appeal from the County Court judgment the sole issue is whether the accident arose out of and in the course of the employment, as required by R.S. 34:15-7.
The facts are not in dispute. On October 3, 1958, the date of the accident, the petitioner was an employee of the respondent. He habitually rode to and from work with several co-employees as a member of a car pool. The respondent provided a parking lot adjoining its building for the parking of cars by its employees. On the day in question the automobile of one Willie Alexander, in which car petitioner rode, was parked in this lot.
Catherine Seremba, a co-employee and member of petitioner's car pool, asked petitioner to carry out of the building in which they worked and place in the automobile a can discarded by respondent, which she intended to take home for use as a garbage receptacle. Catherine had received permission from respondent to take the can. Similar permission *581 had been previously granted to other employees to remove such discarded cans for personal use. Petitioner had promised to take the can out to the car at the 10:30 A.M. coffee break, but forgot to do so. Later he remembered the can and then planned to take it out at lunch time. But he again forgot. When he quit work about 5:30 P.M., he left the building without the can, and went into the parking lot, where he entered Alexander's car, while waiting for his co-employees to arrive. Upon seeing Catherine approaching, he remembered his unkept promise and immediately started back to respondent's building to get the can.
While en route back from the car to the building, petitioner struck his right foot against a 4 x 4 beam, which was placed on the parking lot by the respondent to prevent car wheels from striking the respondent's building. Despite his injury, he continued on into the building, obtained the can and brought it back to the car.
Petitioner thought that he had merely sprained his instep. But the next morning he went to the hospital, where X-rays disclosed a broken bone and he was placed on crutches. He then went from the hospital to the factory and reported the accident. Further hospital and medical treatments became necessary and petitioner was out of work for about eight weeks. Two reports by Dr. Sidney Keats, received in evidence without objection, indicate his permanent disability to be 20% of the right foot. Petitioner's wages were $70.80 a week.
This court reviewed a somewhat analogous situation in Buerkle v. United Parcel Service, 26 N.J. Super. 404 (App. Div. 1953). In that case, the employee had similarly left the employer's building at the end of the work day and had gone to the parking lot maintained by the employer for the use of the employees. When he arrized at the lot he learned that the car of his fellow employee, Doherty, in which car he was to be driven home, would not start because the battery was dead. Buerkle then volunteered to go back into the building from which he had just come to borrow a *582 battery booster from one of the employer's garage mechanics. He did so, and while walking into the parking lot toward the disabled car, he slipped on ice, fell, and was injured when the battery booster dropped on his left hand. His claim was held compensable.
The Buerkle case expressly rejected the rule of Levengood v. New York Shipbuilding Corp., 24 N.J. Misc. 273, 48 A.2d 570 (W.C.B. 1946), in which the Workmen's Compensation Bureau denied compensation to an employee injured while changing a tire on his car in the employer-maintained parking lot. Levengood held that the employee had embarked on a personal venture for his sole benefit, and in doing so, terminated the relationship of employer-employee and was on his own.
The respondent contends that the Buerkle case is distinguishable. It argues that there the employee returned to the building to obtain the battery charger "to enable himself and his driver to depart from the employer's parking lot." It concedes that such an act, necessary to departure, arises out of the employment. But yet this court in Buerkle cited McCrae v. Eastern Aircraft, 137 N.J.L. 244 (Sup. Ct. 1948), as authority for the conclusion that, if an employee is injured while originally walking from the building where he works toward a car in the employer-maintained parking lot, his right to workmen's compensation is clear. It then posed the question: "Suppose he had forgotten his hat and returned for it? Would a fall on the way back to the car following the trip to retrieve it require a different result?" Judge (now Justice) Francis, speaking for the court answered: "We think not." (26 N.J. Super., at p. 407.) Compensability for an employee's injury on an employer's parking lot in the course of a return trip from the lot to the building where he works, therefore, does not require that the employee's return to the building must be to obtain some article necessary to effect departure. While that fact was present in the Buerkle case, this court clearly indicated therein that the injury on the parking lot would *583 still be compensable if the employee's return involved his desire to obtain an article not essential to effect departure, such as his forgotten hat.
Should the rule be different where an employee after his initial exit from the building to the parking lot and while still on the parking lot is injured in the course of making a return trip to the building to obtain an article of personal property belonging to a co-employee, a member of his car pool, which he had promised to bring from the building to the automobile and had forgotten? We think not. If an injury sustained in going back for his own property is compensable, we see no valid basis for denying recovery when the injured employee was going back as an act of courtesy for an object belonging to a co-employee.
An accident arises out of the employment if it ensues from a risk reasonably incidental thereto. Geltman v. Reliable Linen & Supply Co., 128 N.J.L. 443 (E. & A. 1942). The fact that the employee was not actually engaged in doing his job for his employer at the time of the accident would not prevent an award of compensation. Van Note v. Combs, 24 N.J. Super. 529 (App. Div. 1953); Yurochko v. Beckley Perforating Co., 61 N.J. Super. 1 (App. Div. 1960); McKenzie v. Brixite Mfg. Co., 34 N.J. 1 (1961).
Since the employer permitted its employees to take home for their use its discarded cans, such permission redounded to the benefit of the employer at least in the form of improved industrial relations. The giving of the can for the employee's home use necessarily implied its removal from the building to the automobile in which the employee would ride homeward. That a male employee would be asked by a female co-employee, a member of his car pool, to do her the favor of carrying the can to the car and that he would perform that courtesy, is an expectable incident of the co-employment relationship. If the petitioner had not forgotten, and had brought the can with him when he made his initial exit from the building, respondent's liability in compensation for his injury in tripping over the 4 x 4 at the parking lot *584 would not have been arguable. His spontaneous return trip from the parking lot to the adjacent building, when his memory was jogged by the approach of his co-employee to whom he had made his earlier gentlemanly promise, did not remove him from the broad ambit of his employment. Injuries from conduct far less expectable or commendable by employees, within the time and place ambit of the employment, have been held compensable on the theory of being "minor and attributable to normal human tendencies which men do not wholly shed simply because they are at work." Secor v. Penn Service Garage, 19 N.J. 315, 321 (1955); and see McKenzie v. Brixite Mfg. Co., supra. Under the circumstances, petitioner's injury on the parking lot, which was in all respects a part of the locus of employment, and before he had ever departed therefrom, was reasonably incidental to the employment and compensable.
The judgment is reversed and the matter is remanded for a computation of the workmen's compensation benefits to which the petitioner is entitled.