81 N.J. Super. 376 (1963)
195 A.2d 649
JOSEPHINE KONITCH, AND NENAD KONITCH, PLAINTIFFS-APPELLANTS,
v.
ALBERT E. HARTUNG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1963.
Decided December 3, 1963.
*377 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. David Shapiro argued the cause for appellants.
Mr. Robert J.C. McCoid argued the cause for respondent (Messrs. Schneider, Lustbader & Morgan, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs appeal from a Law Division summary judgment in defendant's favor. The court determined that plaintiff Josephine Konitch's common law negligence action against defendant, her fellow employee, was barred as a matter of law under N.J.S.A. 34:15-8 by reason of both parties being "in the same employ," and that her exclusive remedy was under the Workmen's Compensation Act. Nenad Konitch, her husband, suing per quod, was adjudged to have no cause of action inasmuch as his action depended upon and was incidental to his wife's.
The sole issue here is whether the trial court correctly construed N.J.S.A. 34:15-8 in holding that defendant was "in the same employ" as the injured plaintiff and therefore immune from suit under the statute.
The facts are not disputed. Plaintiff was a secretary, and defendant a technical director in the employ of Flood & Conklin *378 Mfg. Co. Both were allowed to park their automobiles in a parking lot made available to that company and which it permitted certain of its employees to use. At about 8 A.M. on October 27, 1961 plaintiff drove her car into the lot, parked it, and started to walk toward the exit in order to get to the office where she worked. While she was still inside the parking lot she was struck and injured by an automobile operated by defendant, who was driving to work and was about to park the car. The vehicle was owned by the employer, who provided it for defendant's business and pleasure use.
Plaintiff brought an action in negligence against both defendant and the company, and her husband sued per quod. This action against the employer was dismissed, all parties agreeing that recovery against the company lies within the exclusive area of the Workmen's Compensation Act, N.J.S.A. 34:15-8 (first paragraph).
Defendant moved for summary judgment, contending that Mrs. Konitch's exclusive remedy is under the Workmen's Compensation Act in view of N.J.S.A. 34:15-8 (second paragraph), which reads:
"If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." (Italics ours)
This language was added to R.S. 34:15-8 (L. 1911, c. 95, § 8) by L. 1961, c. 2, § 1.
We have here a case where the injured plaintiff and defendant are employed by the same employer. Both were at the parking lot for the purpose of beginning their workday. Although defendant had the use of the company's motor vehicle for pleasure as well as business, at the time of the accident his sole reason for operating the vehicle was to get to work.
The trial court established a three-pronged test for the application of N.J.S.A. 34:15-8: it must appear that (1) plaintiff suffered a compensable injury; (2) plaintiff and *379 defendant were co-employees; and (3) defendant was acting in the course of his employment. The statutory language, "in the same employ," was construed to mean that the accident must arise out of and in the course of employment. Defendant need not be performing a duty connected with his employment. The trial judge was of the opinion that the clear intention of the statute  all of the three elements just mentioned being present  was to limit recovery to compensation benefits and to exclude any other liability, except for an intentional injury.
Here, as in the trial court, plaintiffs argue that not only must the parties be employed by the same employer, but that the co-employee must commit the tort while performing a duty and function of his employment. Defendant's position, on the other hand, is that the statute means exactly what it says.
The plain language of the statute stands in direct opposition to plaintiffs' position. Nowhere may there be found a reference, express or implied, to the duty restriction which plaintiffs would place on the immunity granted a co-employee. They argue, however, that a literal reading of the statute could lead to absurd results. They pose the hypothetical situation where a traveling salesman, driving a car on company business, becomes involved in an accident brought about by a person employed by the same company while on vacation or doing something not connected with a duty of his employment. To hold the vacationing employee immune from liability for injuries suffered by the salesman would, they say, reach a result not intended by the Legislature. But as we read the statute, immunity would not result, for the vacationing employee could not be said to have been acting within the course of his employment. It is not necessary to impose a duty limitation in order to avoid the consequence which plaintiffs project. On the other hand, were the situation reversed and the salesman the defendant, there still would be no immunity, for the vacationing employee would not have received a compensable injury.
*380 The "in the same employ" provision of N.J.S.A. 34:15-8 has not been construed by our courts. Plaintiffs rely on Stacy v. Greenberg, 9 N.J. 390 (1952) and 14 N.J. 262 (1954). Our Supreme Court there construed a provision of the New York Workmen's Compensation Law, section 29, subdivision 6, McKinney's Consol. Laws, c. 67, which closely resembles the 1961 amendment to the New Jersey act here in question. Plaintiffs quote from 14 N.J., at pages 265-6, where the court said:
"* * * In our earlier decision, after examining pertinent New York authorities pursuant to a stipulation of counsel that `all decisions of the New York courts which may be cited by counsel shall be deemed to be in evidence for the purpose of the determination by the court as to the State of New York law,' we concluded that, though Greenberg [defendant] and plaintiffs [Stacy and Wolff] might be entitled to compensation benefits under the New York act for their hurts, Stacy and Wolff were barred by the statute from maintaining common law actions against Greenberg only if Greenberg's act of driving was in the authorized performance of a job for his employer. * * *"
Reference is also made to the language at page 267 of that case, where the court said that it read the New York statute as "intended to bar common law actions against the employee whose wrong injures his fellow employee if the driving is part of his job in the employer's service * * *," and page 268, where the court said that the implication to be drawn from the New York decisions was that "if the purposes of the driving include the performance of an assigned duty of the employment the immunity follows."
However, the true meaning assigned by our Supreme Court to the New York statute may be found in its earlier opinion, 9 N.J., at pages 399-400, where it said:
"* * * Plaintiffs and Greenberg were not `in the same employ' within the meaning of section 29, subsection 6, merely because they had a common employer. `To make section 29 applicable at all, plaintiff must have sustained an injury in the course of employment, and to be immune from suit a co-employee causing the injuries must be "in the same employ," namely in the course of employment by the same employer,' [citing New York cases]. * * *"
*381 In Roberts v. Gagnon, 1 A.D.2d 297, 149 N.Y.S.2d 743 (App. Div. 1956), the New York court was presented with a situation strikingly similar to the one with which we deal. There plaintiff was struck down in his employer's parking lot by an automobile driven by a fellow employee. The accident took place about 40 minutes after working hours. The court held that a common law action against the fellow employee was precluded by reason of section 29, subdivision 6 of the New York Workmen's Compensation Law.
The problem, of course, is one of determining the legislative intent in adopting L. 1961, c. 2, amending R.S. 34:15-8. Our highest court has indicated what it considers to have been the legislative intent. Thus, in Eule v. Eule Motor Sales, 34 N.J. 537, 541 (1961), the court said:
"* * * Reflecting the commonly-held view that the enterprise should be the final repository of the inevitable risk of loss, the Legislature recently provided that an employee shall not be liable for negligent injury of a co-employee entitled to workmen's compensation benefits, L. 1961, c. 2, amending R.S. 34:15-8. * * *"
It is to be noted that the court in no way suggested that for there to be immunity, the negligent co-employee must have been engaged in the performance of a duty of his employment.
Again, in Miller v. Muscarelle, 67 N.J. Super. 305, 321 (App. Div. 1961), certification denied 36 N.J. 140 (1961), we said:
"The continued subsistence of a cause of action in tort against a fellow-employee has come under considerable public criticism in recent years. It has frequently resulted in burdening the employer indirectly with common-law damages superimposed upon his workmen's compensation liability by reason of either a legal, moral or practical obligation to indemnify the sued director, officer or supervisory employee, or with the expense of carrying insurance to cover the personal liability of such supervisory personnel. See statement appended to Assembly Bill No. 117 (1960); see also Hagen v. Koerner, 64 N.J. Super. 580 (App. Div. 1960). Recognizing that such consequences conflict with the general scheme of the Workmen's Compensation Act, the Legislature this year amended the act (R.S. 34:15-8) expressly to preclude a right of recovery on account of a *382 compensable injury or death at common law or otherwise against a fellow-employee except in cases of intentional wrong. L. 1961, c. 2. * * *"
(The 1961 act was held not to affect the Miller appeal because it operated only prospectively.)
From this it seems clear that the legislation was intended to safeguard the general scheme of the Workmen's Compensation Act by banning those suits in which the employer might be put in the position of an indemnitor. We agree with the trial judge that the adding of a paragraph to the statute by the amendment of 1961  an amendment having the contextual setting, the same objective, and relating to the same subject matter  naturally carries with it an irresistible implication that it was intended to accomplish the same purpose as regards the liability of a co-employee as it did for the employer.
Plaintiffs are correct when they insist that there must be another element in addition to a common employer and an injury compensable under the Workmen's Compensation Act. However, their conception that that element is the performance by the co-employee of a duty and function of his employment is a faulty one. The implied element in the statute under consideration is the one stated by the trial judge, and clearly set out in 2 Larson, Workmen's Compensation Law, § 72.20, p. 174 (1961)  that "the immunity attaches to the co-employee only when the co-employee is acting in the course of his employment." (Italics ours) The test, therefore, is not that the co-employee should have been acting under an employment duty, but rather in the course of his employment.
There can be no question that when defendant drove to work and entered the parking lot provided by the company, he was in the course of employment. An accident arises "in the course of employment" when it occurs within the period of employment and at a place where the employee may reasonably be. 1 Larson, op. cit., § 14, p. 193 and § 15.14, p. 200. Our courts have held that the employer's parking lot is part of the employment premises, and an employee entering or *383 using the lot in the circumstances here present is in the course of employment. McCrae v. Eastern Aircraft, 137 N.J.L. 244 (Sup. Ct. 1948); Buerkle v. United Parcel Service, 26 N.J. Super. 404 (App. Div. 1953); Lewis v. Walter Scott & Co., Inc., 50 N.J. Super. 283, 286 (App. Div. 1958); Rice v. Pharmaceuticals, Inc., 65 N.J. Super. 579 (App. Div. 1961). Plaintiffs conceded at oral argument that not only did Mrs. Konitch have a compensable claim, but if defendant had been injured, he, too, would be entitled to compensation.
The trial court correctly construed N.J.S.A. 34:15-8, and its judgment must therefore be affirmed.