85 N.J. Super. 252 (1964)
204 A.2d 385
GERALD STILLWELL, AN INFANT, BY HIS GUARDIAN AD LITEM, SARAH E. STILLWELL, AND SARAH E. STILLWELL, INDIVIDUALLY, PLAINTIFFS,
v.
MARGARET A. McGRATH, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
THOMAS ANTOZZESKI, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 26, 1964.
*253 Messrs. Kisselman, Devine, Deighan & Montano (Mr. Arthur Montano appearing), attorneys for Thomas Antozzeski, third-party defendant, for the motion.
Mr. George D. Rothermel, attorney for Margaret A. McGrath, defendant and third-party plaintiff, contra.
WOOD, A.C., J.C.C. (temporarily assigned).
This case is before the court on motion by Thomas Antozzeski, the third-party defendant, for summary judgment of dismissal of the third-party complaint filed against him in the cause.
*254 From the pleadings and admissions on file (R.R. 4:58-3) the following facts appear:
On or about December 8, 1962 the minor plaintiff, Gerald Stillwell, was a volunteer fireman and a member of the Humane Fire Company Rescue Squad of the City of Bordentown. On that day he was a passenger in an ambulance owned by Hope Hose Company Rescue Squad, also of Bordentown. The operator of the ambulance was the third-party defendant Antozzeski, who was a member of both the Hope and Humane Rescue Squads. The ambulance was responding to an emergency call. At the intersection of Farnsworth Avenue and State Highway Route 130 in the Township of Bordentown the ambulance was in collision with an automobile operated by defendant Margaret A. McGrath. Stillwell sustained injuries in said accident, to recover damages for which this suit was instituted against defendant McGrath, who in turn joined Antozzeski as third-party defendant, charging him with negligence and demanding that such negligence be adjudged the sole cause of the accident, and, in the alternative, demanding contribution under the Joint Tortfeasors Act. It is admitted that the minor plaintiff Stillwell received workmen's compensation benefits from the compensation carrier for the City of Bordentown for the injuries which he received. It is likewise admitted that Stillwell and Antozzeski were both rescue squad volunteer workers at the time of the accident.
Antozzeski now moves for summary judgment of dismissal of the third-party complaint, upon the ground that, on the undisputed facts, he and Stillwell were "fellow employees" at the time of the accident, and that action against Antozzeski is therefore barred by the provisions of N.J.S.A. 34:15-8, which provides, inter alia:
"If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."
*255 Defendant-third-party plaintiff resists the motion on the ground that Stillwell and Antozzeski were not "fellow employees" within the meaning of the statute above quoted. It is argued that although both men were members of the Humane Rescue Squad, only Antozzeski was a member of the Hope Rescue Squad and that, as such, he was operating the ambulance, owned by Hope, as its agent. Since Stillwell was not a member of Hope but only of Humane, it is contended that he was not a fellow-employee of Antozzeski. Hence, it is argued, Antozzeski is not immune from common-law liability to Stillwell and therefore is not immune from liability for contribution to defendant McGrath.
The question for determination, then, is whether third-party defendant Antozzeski is immune from suit by virtue of the above-quoted provisions of N.J.S.A. 34:15-8. This involves consideration of the status of both Stillwell and Antozzeski in the present factual setting, in the light of N.J.S.A. 34:15-43. That statute extends broadly the protection and benefits of the Workmen's Compensation Law to volunteer firemen and rescue squad workers while engaged in their humanitarian avocation. In pertinent part it provides as follows:
"* * * every active volunteer, first aid or rescue squad worker, including each and every authorized worker who is not a member of the volunteer fire company within which the first aid or rescue squad may have been created, doing public first aid or rescue duty under the control or supervision of any commission, council or any other governing body of any municipality * * * shall be compensated under and by virtue of the provisions of this article and article 2 of this chapter (sections 34:15-7 et seq.). * * *

* * * * * * * *
Every active volunteer, first aid or rescue squad worker, including every authorized worker who is not a member of the volunteer fire company within which the first aid or rescue squad may have been created, shall be deemed to be doing public first aid or rescue duty under the control or supervision of any such commission, council [or] governing body * * * within the meaning of this section if such control or supervision is provided for by statute, or if the first aid or rescue squad of which he is a member or authorized worker receives or is eligible to receive contributions from, or a substantial part of its expenses or equipment are paid for by, the *256 municipality * * * or if such first aid or rescue squad has been or hereafter shall be designated by ordinance as the first aid or rescue squad of the municipality."
There is no doubt that Stillwell was qualified as a beneficiary of this section while engaged in the mission on which he was injured. It is acknowledged that he was eligible for and has received or is receiving workmen's compensation benefits by reason of the injuries which he sustained in this accident. It is unnecessary, therefore, to consider the question whether he was a squad member or merely an "authorized worker" while on this particular mission. Volek v. Borough of Deal, 83 N.J. Super. 58 (App. Div. 1964).
Since he was eligible for compensation, it follows that he may not maintain an action in tort for his personal injuries against Antozzeski, if Antozzeski and he "were in the same employ" within the meaning of N.J.S.A. 34:15-8. Konitch v. Hartung, 81 N.J. Super. 376 (App. Div. 1963).
Were the two men "in the same employ" at the time of accident? Defendant-third-party plaintiff strenuously argues that they were not. However, in my opinion, the question must be answered in the affirmative. Both men were rescue squad members, albeit not members of the same squad. Both squads operate in the City of Bordentown, and members of both are eligible for workmen's compensation benefits under N.J.S.A. 34:15-43. Both were properly engaged in the same mission of mercy at the time of the accident. I deem it immaterial therefore that Stillwell was not a member of the rescue squad which owned the ambulance in which he was riding. He was concededly eligible for workmen's compensation benefits, and the agency liable for these is not one rescue squad or the other, but the municipality in which both squads operate.
Exactly the same considerations apply to Antozzeski. It cannot be gainsaid that had he been injured in this accident, he too would have been entitled to the protection of the law. But this protection does not stop with affording all workers within its purview the right to compensation benefits. It also clothes every such worker with immunity from suit in *257 tort arising out of any accident occurring while he and the injured worker "were in the same employ" Konitch v. Hartung, supra.
It is perfectly plain that, in enacting N.J.S.A. 34:15-43, the Legislature intended to extend to volunteer firemen and rescue squad workers all of the benefits of the Workmen's Compensation Law, not just some of them. No citation of authority is required for the rule, uniformly and repeatedly enunciated by our courts, that this law is to be liberally construed. It would indeed be ironical if an unpaid volunteer, on a hazardous mission of mercy, could find himself subject to being compelled to defend an action in tort by a fellow worker, whereas paid employees are clothed with immunity from such tort actions. The immunity is one of the benefits of the law, and it clearly extends to the third-party defendant here.
Since Antozzeski is thus protected from an action in tort by Stillwell, it necessarily follows that he is not liable for contribution or indemnification to anyone else as a third-party defendant. Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954).
I therefore conclude that, as to third-party-defendant, Antozzeski, there is no genuine issue as to any material fact challenged and that he is entitled to judgment of dismissal of the third-party complaint as a matter of law.
The motion for summary judgment is granted. An order may be presented accordingly.