**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1686-15T3

BRIAN GRAWEHR,

    Petitioner-Respondent,

v.

TOWNSHIP OF EAST HANOVER,

    Respondent-Appellant.

_____

Submitted February 14, 2017 — Decided  June 29, 2017

Before Judges Rothstadt and Sumners.

On appeal from the Department of Labor,
Division of Workers' Compensation, Claim
Petition No. 2012-28125.

Weiner Lesniak, LLP, attorneys for appellant
(Louis M. Masucci, Jr., on the briefs).

Anthony P. Caivano, attorney for respondent.

PER CURIAM

In this appeal, we are asked to determine whether a worker's
injury sustained at his place of employment on his day off is
compensable under the Workers' Compensation Act (the Act),
N.J.S.A. 34:15-1 to -146, when the worker performed a function

incidental to his employment while on the employer's premises.  We hold that the injury is compensable.

Employer Township of East Hanover appeals from a determination of compensability and award for partial disability made by a judge of compensation to Brian Grawehr, a township police officer.  The judge found that Grawehr was at police headquarters to perform a service that was a benefit to the township before his fall in a municipal parking lot.  The township argues on appeal that the judge's determination of compensability was in error because at the time Grawehr was injured, he was on a day off and at headquarters for purely personal reasons, his injury did not arise from the course of his employment, and the township did not receive any benefit from Grawehr's presence at headquarters that day.  It also contends the judge of compensation's comments about the applicability of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, demonstrated "prejudice[]" against the township.

Grawehr filed a petition for benefits after he slipped and fell on ice in a parking lot at the police department's headquarters, causing him to suffer injuries to his shoulder that required surgery.  When the township denied that his injury arose out of his employment, the judge of compensation scheduled a trial as to compensability only.

The contested issue at the trial was Grawehr's reason for going to headquarters. At the trial, Grawehr, the police chief, and a lieutenant testified, as did the municipal court administrator. Grawehr testified that he went to headquarters on December 9, 2011, a day he was not scheduled to work. There was no official reason for being in the office that day. According to Grawehr, he went to the office to pick up his pay stub and to check his personal folder for any new subpoenas to ensure he would not be disciplined for missing a scheduled court date, as he was aware of other officers facing discipline problems because of not appearing.

Grawehr, the police chief, and the municipal court administrator confirmed that there were problems with police officers missing scheduled appearances due to the then-recent merger of the township's municipal court with neighboring Township of Hanover's court. The merger created a "chaotic" situation and tension between the township's police department and Hanover's municipal court personnel. Problems involving scheduling and officers' court appearances continued through December 2011. There was no evidence, however, that Grawehr ever failed to appear. Moreover, there was no immediate court date scheduled as the next session was to be held no sooner than December 22.

There was also testimony adduced at the trial about the police department's handling of its officers' court appearances. For example, an officer's appearances in court was usually scheduled for days when he or she was on duty. Also, while officers were required to check their schedules and files for subpoenas, there was no requirement that they come to headquarters on their day off for that purpose. However, according to the lieutenant who testified, it was "not uncommon" for police officers — especially the "diligent" ones — to come in on their days off to do work related activity. In fact, the lieutenant would regularly go into work when he was not scheduled to be there to check his own file.

After considering the testimony, on May 2, 2014, the judge of compensation found that Grawehr's injury was compensable, placing his reasons on the record on that date. The judge recounted the facts, made credibility determinations, and found that Grawehr's actions on the day he fell were performed as a "benefit to the employer," even though the officer was "killing two birds with one stone" by also stopping at work to pick up his pay stub. According to the judge, it was "clearly of benefit to the employer to have officers paying attention to their responsibilities and checking [their file] even on . . . off times." On December 11, 2015, the judge entered a final order finding Grawehr 27 1/2% disabled arising from the "permanent

residuals" from his shoulder injury and awarding $41,187 for the disability as well as medical expenses. This appeal followed.[1]

In our review of workers' compensation courts' decisions, we generally give substantial deference to their determinations, limiting our review to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility." Lindquist v. City of Jersey City Fire Dep't., 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). "Deference must be accorded . . . unless . . . 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994), certif. denied, 140 N.J. 277 (1995)). "[T]he judge of compensation's legal findings are not entitled to any deference and, thus, are reviewed de novo." Hersh v. Cty. of Morris, 217 N.J. 236, 243 (2014).

---

[1] The township originally filed its appeal from the compensability determination, which we dismissed as premature. After the final order was entered, the township moved for reconsideration and reinstatement of the appeal. We granted the motion.

Based upon our careful review of the record and applicable legal principles, we "conclude that all of the[] factual determinations made by the workers' compensation judge were supported by substantial credible evidence in the record 'and [were] not so wide off the mark as to be manifestly mistaken.'" Acikgoz v. N.J. Tpk. Auth., 398 N.J. Super. 79, 87 (App. Div.) (second alteration in original) (quoting Tlumac v. High Bridge Stone, 187 N.J. 567, 573 (2006)), certif. denied, 195 N.J. 418 (2008); see also R. 2:11-3(e)(1)(D). We affirm substantially for the reasons expressed by the judge of compensation. We add only the following comments.

Injuries sustained by an employee in an employer's parking lot are compensable if they are sustained "in the course of employment," before or after the actual work day begins or ends. Konitch v. Hartung, 81 N.J. Super. 376, 382-83 (App. Div. 1963), certif. denied, 41 N.J. 389 (1964); accord Bradley v. State, 344 N.J. Super. 568, 575-76 (App. Div. 2001). They are compensable because entitlement to workers' compensation benefits is controlled by the "premises rule" set forth in N.J.S.A. 34:15-36. See Kristiansen v. Morgan, 153 N.J. 298, 316-17 (1998), modified, 158 N.J. 681 (1999). The Act provides that "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when

6

the employee leaves the employer's place of employment, excluding areas not under the control of the employer . . . ." N.J.S.A. 34:15-36. The fact that "the injured employee may have been 'off the clock' does not automatically preclude compensability because the situs of the accident is a dispositive factor," Acikgoz, supra, 398 N.J. Super. at 88, as long as the employee is injured in an "accident arising out of and in the course of employment[.]" N.J.S.A. 34:15-7.

An injury arises out of the employment if "it is more probable that the injury would not have occurred under the normal circumstances of everyday life outside of the employment[.]" Coleman v. Cycle Transformer Corp., 105 N.J. 285, 291 (1986) (emphasis in original). "An accident arises 'in the course of' employment when it occurs (a) within the period of the employment and (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment, or doing something incidental thereto." Crotty v. Driver Harris Co., 49 N.J. Super. 60, 69 (App. Div.) (emphasis added), certif. denied, 27 N.J. 75 (1958). "A corollary to this rule is that an injury is compensable if it 'arises out of a risk which is reasonably incidental to the conditions and circumstances of the employment.'" Salierno v. Micro Stamping Co., 136 N.J. Super. 172, 176 (App. Div. 1975) (quoting Buerkle v. United Parcel Serv.,

26 N.J. Super. 404, 407 (App. Div. 1953)), aff'd, 72 N.J. 205 (1977). "An employee does not have to be actually engaged in work for the employer at the time of the accident." Ibid. (citing Van Note v. Combs, 24 N.J. Super. 529, 533 (App. Div. 1953)).

However, the mere fact that a petitioner's injuries are sustained at work does not satisfy the requirements of the Act. "[T]o trigger coverage under workers' compensation there must be a causal connection between the accident and the employment. Situs alone is not enough." Mule v. N.J. Mfrs. Ins. Co., 356 N.J. Super. 389, 397 (App. Div. 2003).

> To find the requisite causal connection between the employment and the injury, "[i]t must be established that the work was at least a contributing cause of the injury and that the risk of the occurrence was reasonably incident to the employment." [Coleman, supra, 105 N.J. at 290.] New Jersey has adopted the "but for" or "positional-risk" test. Ibid. "'But for' connotes a standard of reasonable probability. Thus stated, the question is whether it is more probably true than not that the injury would have occurred during the time and place of employment rather than elsewhere." Howard v. Harwood's Rest. Co., 25 N.J. 72, 83 (1957).
>
> [Sexton v. Cty. of Cumberland/Cumberland Manor, 404 N.J. Super. 542, 549 (App. Div. 2009) (first alteration in original).]

An injury incurred at the employer's premises as a result of the worker performing a task that was mutually beneficial to the him and his employer is compensable, even if it occurs after work

hours, see Salierno, supra, 136 N.J. Super. at 176-77 (holding that a heart attack experienced by a worker during contract negotiations on behalf of his union was compensable), as long as the injury arises "from or be contributed to by conditions which bear some essential relation to the work or its nature." Stroka v. United Airlines, 364 N.J. Super. 333, 339-40 (App. Div. 2003) (quoting Williams v. W. Elec. Co., 178 N.J. Super. 571, 585 (App. Div.), certif. denied, 87 N.J. 380 (1981)), certif. denied, 179 N.J. 313 (2004).

Applying these guiding principles, we conclude that Grawehr was injured during the course of having performed a function that was at least mutually beneficial to him and his employer by taking time out to review his file for any upcoming court appearances, especially in light of the chaos that existed because of the municipal court mergers. Under these circumstances, Grawehr's injuries were compensable as he would not have otherwise sustained his injury if he was not performing that function at his place of employment.

Turning to the township's remaining argument about the judge of compensation's comment regarding the TCA, we too are perplexed by the judge's discussion of that act and its applicability to Grawehr's petition. However, we discern no prejudice to the township arising from that discussion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10                                        A-1686-15T3